EARLY *v.* PATTERSON.

To a suit on a promissory note, the defendant pleaded payment to a third person conformably to the plaintiff's written order, and set out the order in the plea. The replication, not sworn to, denied payment. *Held*, that under

the statute, the defendant might give the order in evidence without proving its execution.

If upon a demurrer to a plea being overruled, the plaintiff withdraw the demurrer and reply; he cannot afterwards object, on error, to the overruling of the demurrer.

*A.*, holding a promissory note against *B.*, gave *C.* an order directed to *B.* as follows: "Let *C.* have as much of my money in your hands as he wants, and I will credit the note with the same." *Held*, that the order, being unrecalled, authorised *B.*, by making payments to *C.* from time to time, in cash or otherwise, to discharge the note:

ERROR to the *Marion* Circuit Court.

SULLIVAN, J.—This is an action of debt. The suit was commenced against the defendant, and one *James W. Beard* who was not found, and the process was so returned. The return was suggested on the record, and the suit was carried on against the defendant *Patterson.*

The declaration contains five counts. 1st, On a note under seal, dated *April* the sixth, 1833, for the sum of 1,000 dollars. 2nd, For money lent and advanced. 3rd, For money paid, laid out, and expended. 4th, For money had and received to and for the use of the plaintiff. 5th, On an account stated.

To the first count, *Patterson* pleaded three pleas. The first was a general plea of payment; and the second and third were also pleas of payment substantially as follows, viz. That the plaintiff by his certain letter of credit, order, or instrument in writing, dated *December* the 24th, 1834, under his hand, and addressed to the defendant, directed him to let one *James W. Beard* (being the same person impleaded with the defendant) have so much of plaintiff's money that was in the defendant's hands, as he (*Beard*) might want, and he (*Early*) would credit his note with the amount; which order or letter of credit is in the following words and figures, "Mr. *S. H. Patterson*, Please let Mr. *J. W. Beard* have so much of my money that is in your hands as he wants, and I will credit the note with the same. *Dec.* 24, 1834. *Thomas Early;*" that on the 31st of *December*, 1834, the defendant paid *Beard* the sum of 500 dollars, he then being the holder and bearer of said order, for which *Beard* executed a receipt; that afterwards, on the 17th of *January*, 1835, he paid to *Beard* who was still the holder of the order, the further sum of 718 dollars and 50 cents, being the balance due from the defendant to the plaintiff on the note named in the order; for which sum *Beard* also executed

a receipt, &c. To the remaining counts in the declaration, the defendant pleaded *nil debet*.

The plaintiff replied to the first plea, that the defendant did not pay in manner and form, &c., and demurred to the second and third; but the Court having intimated an opinion that the demurrer was not well taken, he withdrew his demurrer and replied to the pleas, denying the payment.

On the trial, the note described in the first count, with a credit indorsed on the back of it for the sum of 500 dollars, dated *January* the first, 1835, was given in evidence. The defendant offered in evidence the order or letter of credit as set forth in his pleas of payment, signed by the said *Thomas Early*, to the introduction of which unless the defendant first proved its execution, the plaintiff objected, but the Court overruled the objection and admitted the evidence. The defendant also gave in evidence two receipts signed by *Beard*, having first proved their execution, one for the sum of 500 dollars, dated *December* the 31st, 1834, and the other for the sum of 718 dollars and 50 cents, dated *January* the 17th, 1835. It was proved by a witness who was present at the execution of the last-named receipt, that there was at that time a settlement between *Beard* and *Patterson*, and that *Patterson* executed to *Beard* a note for some amount, but the witness did not know how much. The witness did not see the order at that time, nor did he see any money pass between the parties. It was proved by another witness, that in *October* or *November*, 1835, *Patterson* paid *Beard* 500 dollars, in part discharge of a note then produced, and the witness understood there was a further sum to be paid. The plaintiff introduced in evidence a letter from *Patterson* to *Beard*, dated *February* the third, 1836, in which, amongst other things, he expressed his surprise that his note was still in the hands of *Early*, and that *Beard* had not taken it up as he had represented.

By consent of parties the cause was tried by the Court, and upon the trial judgment was given for the defendant.

The first error assigned is, that the Court erred in permitting the order or letter of credit to be read in evidence on the trial without proof of its execution.

The practice act, R. C. 1831, p. 403, provides that no plea, replication, or other pleading, requiring proof of the execution of any instrument of writing which is the foundation of any

Nov. Term, 1837.

EARLY
v.
PATTERSON.

suit or defence, and is specially set forth in the declaration; plea, or other pleading, shall be received, unless supported by oath or affirmation. In the present case, the order is set out in the pleas and is the foundation of the defence. The replications deny the payment, but do not question the execution of the order; nor are the replications supported by oath or affirmation. The execution of the order, therefore, is not put in issue by the pleadings. The case of *Hagar* v. *Mounts*, 3 Blackf. 57, 261, does not at all conflict with this construction of the statute. In that case it was held, that if a special plea denying the execution of a note on which a suit is founded, be not verified by affidavit as the statute requires, and the plaintiff make no objection to the plea on that ground, but go to trial on the merits, he is presumed to have waived the formality of the affidavit. The distinction between the cases is obvious.

The next error assigned is, that the Court erred in not sustaining the demurrer to the second and third pleas. If the pleas demurred to were defective, the plaintiff should have stood upon his demurrer. By withdrawing it, and making an issue on the pleas, he acquiesced in the opinion of the Court, and the record stands, in that particular, as if no objection had been made to them.

The third assignment is, that the Court erred in giving judgment for the defendant, and in not rendering judgment for the plaintiff. The main question involved in this assignment is, what construction are we to give to the order of *Early* on *Patterson* in favour of *Beard*, and in what character are we to view *Beard?* Was he the agent of *Early* collecting for his use, as is contended by the plaintiff, or was he acting for himself and for his own benefit?

The rule is well settled, that in the case of an order or letter of credit, the words of it are to be taken as strongly against the drawer as the sense will admit. Fell on Guarantees, 129. With this rule in view, we cannot think *Beard* was acting as the agent of *Early*, but that he was on the contrary acting for himself. The language of the order is, "Let Mr. *J. W. Beard* have so much of my money that is in your hands *as he wants*; and I will credit the note with the same." The object of *Early* was to relieve the necessities of *Beard*, and he left it with *Beard* to judge of the amount that would be required for

that purpose. When received, he employed it as he pleased, and became, instead of *Patterson*, the debtor of *Early*. *Beard* therefore was not collecting for *Early*, but was borrowing from him for his own benefit.

If we examine the language and object of the order, we think it will not be difficult to determine what construction should be given to it. The order was limited only by the wants of *Beard*, and the amount of *Early's* money in the hands of *Patterson*. It was dated on the 24th of *December*. On the 31st of the same month, *Patterson* paid *Beard* 500 dollars, and in 18 days thereafter he paid him another sum of money, the precise amount of which does not appear, and executed a note to *Beard* for the balance due from him to *Early*. It does not lie in *Early's* mouth to say, that because *Beard* received something else than cash, therefore it is no payment on the order. Suppose *Beard* had been indebted to *Patterson*, or being indebted to some other person, *Patterson* had assumed the debt and released *Beard* from all liability, would not the object of the parties have been as well met, as if so much money had been actually paid to *Beard?* If *Beard's* wants were relieved by the notes or acceptances of *Patterson*, and he received them from *Patterson* by virtue of the order from *Early*, *Patterson*, we think, is entitled to a credit for the amount.

This case may be assimilated, in some particulars, to a contract for guarantying the payment of goods sold to a third person, not exceeding a specified sum. In such cases the guarantee stands until the credit is recalled. 12 East, 227. 2 Camp. 413. So, in the present case, *Patterson* might well pay to *Beard*, so long as he remained the holder of the order, all the money in his hands belonging to *Early*, unless notified by *Early* that he had recalled it. It does not appear from the record, in whose possession the order was at the time of the settlement on the 17th of *January*, 1835; but we presume it was in the possession of *Beard*, inasmuch as *Early* has not shown that he had recalled it, and given *Patterson* notice of that fact. This he was more especially bound to do, as he had been notified of the acceptance of the order by *Patterson*.

We therefore think we are authorised to construe this order as a continuing letter of credit. *Beard* and *Patterson* so understood it, and they so acted upon it. *Patterson* might pay

Nov. Term, 1837.

Beard from time to time as he (Beard) wanted the money, and upon giving his note or acceptance for the same, or any part of it, his obligation to pay was complete, and the debt to Early would be extinguished *pro tanto*. Chitt. on Cont. 278.

DEWEY, J. having been concerned as counsel was absent.

*Per Curiam.*—The judgment is affirmed with costs. To be certified, &c.

*C. Fletcher, O. Butler,* and *W. Quarles,* for the plaintiff.

*J. Morrison,* for the defendant.