### Thomas *v.* Winters.

The defendant in a justice's Court may show, under the general issue, that the process had not issued in the proper township.

ERROR to the *Vigo* Circuit Court.

Dewey, J.—*Thomas* sued *Winters* before a justice of the peace on a book account, and recovered judgment against him by default. *Winters* appealed to the Circuit Court.

In that Court, on the trial of the cause, *Thomas* proved by the admission of *Winters* that the account was correct and justly due to him. *Winters* proved, that the summons issued by the justice was served upon him out of the township in which it was issued; that he, *Winters*, resided in the township where it was served, and where the debt was contracted; and that there was an acting and competent justice of the peace in that township at the time. To the admission of this proof *Thomas* objected; but the Circuit Court heard and considered it; and dismissed the cause for want of jurisdiction. There was no plea put in by *Winters;* but he was entitled to the benefit of the general issue without pleading it. Rev. Code, 1831, p. 301 (1).

The only question presented by this record is,—was the above evidence on the part of the defendant legally admitted under the general issue? There can be no doubt, that had the facts disclosed in evidence been pleaded before the justice and proved, they would have divested him of jurisdiction of the

21

*Nov. Term,*
*1836.*

Thomas
v.
Winters.

*Tuesday,*
*November* 29.

cause. Rev. Code, 1831, p. 299. If legally admitted in evidence by the Circuit Court under the general issue, they produced the proper result (2).

It is generally true, that in suits in Courts of *general* jurisdiction, if an objection to the jurisdiction exist, which does not appear upon the record, it can only be adduced in the form of a dilatory plea, and is lost to the party wishing to use it, if he plead to the merits. But this rule, even in such Courts, is not without exceptions. If the action be local, or the remedy be confined to another Court by an act of legislation, the plaintiff will be *non suit* by a disclosure of the facts showing want of jurisdiction under the general issue. Bac. Abr. Pleas, E, 1.—*Taylor* v. *Blair*, 3 Term Rep. 453.—*Doulson* v. *Matthews*, 4 Term Rep. 503.—*Parker* v. *Elding*, 1 East, 352.—1 Saund. Plead. 1.—*Rex* v. *Johnson*, 6 East, 583.

In *inferior* Courts the rule is different. In them, want of jurisdiction can be taken advantage of without pleading it. It may be disclosed in evidence under the general issue; and when disclosed will be fatal to the claim of a plaintiff. Bac. Abr. Pleas, E, 1.—1 Chitt. Pl. 425, *n. b.* Ib. 428.—Bac. Abr. Courts, D, 4.—1 Saund. Pl. 1.

By our statute, no person is "bound to answer to any summons, capias, or other process issued by a justice, in civil cases, in any other township than the one in which he actually resides, or where the debt was contracted, or the cause of action accrued, or where the defendant may be found, unless there shall be no justice who can legally issue such summons, capias, or other process." The evidence contained in the record shows that the defendant, *Winters*, did not live in the township where the process issued, that the debt was not contracted, nor he found there; and it shows that there was an acting and competent justice of the peace in the township in which he did live, and in which the process was served. The justice who tried the cause, therefore, clearly had no jurisdiction over it; and as he possessed an inferior and limited jurisdiction only, the Circuit Court acted correctly in hearing the evidence and dismissing the action.

*Per Curiam.*—The judgment is affirmed with costs. To be certified, &c.

*E. M. Huntington*, for the plaintiff.

*S. B. Gookins*, for the defendant.

Nov. Term,
1836.

(1) Accord. Rev. Stat. 1838, p. 368.

(2) After an appeal to the Circuit Court, the suit shall not be dismissed because it was commenced out of the proper township, unless the objection have been made, on the hearing, before the justice.   Rev. Stat. 1838, p. 366.