Doe, on the Demise of Græter, *v.* Wise.

A petition to the Probate Court for the sale of the real estate of certain minor heirs, though it purport to be by several persons as guardians of the minors, is, if otherwise unobjectionable, sufficient, *prima facie*, to give the Court jurisdiction; and one of the minors cannot treat an order of sale

made on such petition as void, because only one of the petitioners was, in fact, his guardian.

The petition in such case, after showing the situation of the real estate of the minors, stated that their interest would be greatly promoted by a sale of the property, and by a reinvestment of the proceeds. *Held*, that the case was within the statute.

That the order of sale of the minors' property in such case was joint, does not affect the jurisdiction of the Court.

The petition for such order showed a case within the statute, and the record stated that on due proof, &c. the order was made; but the evidence was not in the record. *Held*, that the Court had jurisdiction.

That the property in such case was appraised at 400 dollars and sold for 100 dollars, is no objection to the validity of the sale.

APPEAL from the *Knox* Circuit Court.

Dewey, J.—This was an action of ejectment, on the demise of *Frederick Græter*, for an undivided fifth part of certain lots of land in the borough of *Vincennes*. The parties submitted the cause to the Court upon an agreed case. The material facts are as follows: *Christian Græter* died intestate, seised and possessed of the property in dispute; he left as his heirs at law *Europe Græter*, *Frederick Græter*, the lessor of the plaintiff, *Charles Græter*, *Samuel Græter*, and *John Græter*. At the *November* term, 1834, of the *Knox* Probate Court, the following petition was filed—" To the Hon. *George W. Ewing*, judge of the Probate Court of *Knox* county. *John C. Holland*, *Nicholas Smith*, and *Samuel Emerson*, guardians of the persons and estate of *Frederick Græter*, *John Græter*, *Samuel Græter*, and *Charles Græter*, minor heirs of *Christian Græter*, deceased, would respectfully show, that the said minors are the owners of, or have a claim to, certain property (describing it, among which is the land in controversy,) and the said guardians would represent that the situation of, and the taxes on, said lots and land, render them very troublesome and expensive, without yielding the least profit to the said minors. Further, the said guardians would represent, that the titles to said lots and lands are involved in great doubt and uncertainty; and that the interest of the said minors would be greatly promoted by a sale of said lots and lands, and an investment of the proceeds in some other way." The prayer of the petition is for an order to appraise and sell the property, and that the avails may be made funds, either for the support and education of the minors, or for reinvest-

ment, as the Court might think proper. On this application, appraisers were appointed to value four-fifths of the designated premises, who, after being duly sworn, returned their appraisement into Court, making the aggregate of the prices of the several lots and tracts of land amount to about 400 dollars. The guardians filed an additional bond as the law directs. Whereupon, "on due proof and consideration of the premises," the Court appointed a commissioner to sell the property. He did sell the same according to the order of the Court, and made his report, by which it appeared the property had been sold for about 100 dollars. The sale was confirmed by the Court, and the commissioner directed to deposite the avails in Court, and make titles to the purchasers. The defendant below, *Wise*, derived title from this sale, and was in possession of the lots in question at the time of the commencement of this suit. *Europe Grœter* was of age when the petition for sale was made; the other heirs of *Christian Grœter* were minors. *Smith* was the guardian of *Frederick Grœter* and *Charles Grœter*, *Holland* of *Samuel Grœter*, and *Emerson* of *John Grœter*. The Circuit Court rendered a judgment in favour of the defendant, from which the plaintiff appeals to this Court.

The counsel for the appellant contends, that the decree of sale made by the Probate Court is void, because the record of the proceedings of that Court does not show jurisdiction, or, in other words, that the requisitions of the statute governing the case were complied with. That statute provides, "that if, upon the application of any guardian of a minor, &c. it shall appear (among other things) that the price of such real estate (the minor's, &c.) can be invested in other property to the manifest advancement of the estate and interest of such minor, &c., the Probate Court may decree a sale of such real estate," &c. R. C. 1831, p. 173.

The objections urged against the validity of the order of sale are, 1st, The record does not show any petition by the guardian of *Frederick Grœter*, the lessor of the plaintiff, for the sale of his property. This objection is not sustained by fact. The petition purports to be by several persons as the guardians of all the minor heirs of *Christian Grœter*, of whom the lessor of the plaintiff was one. This is sufficient,

*prima facie*, to give the Probate Court jurisdiction. That only one of the petitioners was, in point of fact, the guardian of *Frederick Græter* does not affect the jurisdiction of the Court; nor is it sufficient to impeach the order of sale for fraud.

2ndly, The petition does not set forth any of the causes which, according to the statute, authorized an order of sale. Here too, we think, the fact is against the objector. The petition, after showing the situation of the real estate of the minors, states that their interest would be greatly promoted by a sale of the property, and by a reinvestment of the proceeds. This language is equivalent to that used in the statute, and brings the case within the provision which we have quoted.

3rdly, The order is joint for the sale of the property of several minors. If this objection could have been available in any stage of the proceedings, it certainly does not constitute an impeachment of the jurisdiction of the Probate Court. It could, at most, have been successfully urged in error; but that is a matter not now under consideration, and in regard to which we give no opinion.

4thly, The record does not state that the facts, necessary to authorize the interposition of the Probate Court, "appeared." This objection is founded on the phraseology of the statute before recited—"If, upon the application of any guardian, &c., it shall *appear*," &c. Whether this language has reference to the matters set forth in the petition, or to those made in proof, or to both, is immaterial. Sufficient appears by the petition to give jurisdiction; and the record states that "on due proof," &c., the Probate Court ordered the sale. That the testimony given in the cause is not spread upon the record, is no objection to the jurisdiction of the Court.

5thly, The property was appraised at 400 dollars, and sold only for 100 dollars. This matter, most clearly, has nothing to do with the jurisdiction of the Court. Nor is it a circumstance which, in any form of objection, can invalidate the sale. It is no evidence of fraud in that transaction.

*Per Curiam.*—The judgment is affirmed with costs.
*S. Judah,* for the appellant.
*C. Fletcher* and *O. Butler,* for the appellee.