Sullivan, J.
This was an action of assumpsit for money had and received, commenced by McQueen, guardian, &c., against Brown in the Bartholomew Probate Court. The damages claimed were $50.00. Plea, non assumpsit. Judgment for the plaintiff.
The only question necessary to be considered is, whether the Court below had jurisdiction of the case? The act organizing Probate Courts, &c., (Rev. Stat., 1838, p. 173), invests that Court with jurisdiction “ in all suits, at law or in equity *upon all demands or causes of action in favour of or against heirs, executors, administrators, or guardians, where the amount in controversy shall exceed the sum of fifty dollars, &c.”
The Probate Court is an inferior court created by statute, and possesses such jurisdiction only as the statute confers. In suits where the amount in controversy exceeds fifty dollars, *222 the jurisdiction is conferred; where it does not exceed that amount, it is not conferred and can not be exercised, except in eases where a demand against an executor or administrator is filed at his request, pursuant to the provisions of the act entitled an act to amend an act regulating the practice in suits at law. Rev. Stat., 1838, p. 459. In this case, the amount in controversy did not exceed fitfy dollars, and the provisions of the last-named act, it is manifest, do not apply to it. The Court, therefore, had no jurisdiction of the case.
IT. H. Barbour, for the plaintiff.
A. A. Hammond, for the defendant:
The objection to the jurisdiction was made at the trial, and should have been sustained by the Court.' Under the general issue, the want of jurisdiction may be shown, and when shown is fatal to the plaintiff’s claim. Thomas v. Winters, 4 Blackf., 161.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.