Smith, J.
— It is contended, by the plaintiff in error, that the Probate Court had no jurisdiction in this ease, and that all its proceedings are void. To this it is answered, by the opposite party, that though these proceedings might have been objected to on error, they cannot be examined collaterally, because the Court had competent jurisdiction to direct the partition and sale to the defendant.
“ The first subject of enquiry then is, what was necessary to give the Court such jurisdiction.
“ The act of February 1st, 1831, provided that when two or more persons were proprietors of any real estate, it should be lawful for the Circuit Court of the county in which such real estate was situated, on the application of any such person, notice of such application having been previously given for at least four weeks in some public newspaper of the State, to appoint three commissioners, who after taking an oath honestly and faithfully to execute the trust reposed in them, should proceed to make division, &c. By the second section of the same act it was provided, that when a division of such real estate could not be had without prejudice to some of the owners, on the report of the commissioners to that effect, the Court should make an order for the sale of such land, upon such terms and conditions as the Court in its discretion should direct, and that such commissioners should make good and sulficient deeds to the purchasers under the direction of the Court, which should operate as an effectual bar, both in law and equity, against such owners and proprietors and all persons claiming under them. By the fourth section the guardians of all minors were authorised to do and perform, on behalf of such minors, any matter or thing respecting the partition of lands under the statute, and the ninth section provided that the Court might, for good cause shown, appoint new commissioners to review such partition, and that any person not a resident of the proper county within one year, and any infant whose guardian did not attend and approve such partition, and any feme covert or lunatic within one year after the removal of his or her disability, should have a review upon showing cause.
“ By the act of February 4th, 1833, (Acts of 1833, p. 114, § 10,) which was in force when the proceedings in this case were instituted, the provisions of the act above quoted were extended to the Probate *390 Courts, which were invested with power to decree the partition or sale of lands owned by two or more persons, concurrently with the Circuit Courts.
“ The Probate Courts must also be considered courts of general jurisdiction. It is true, in the cases of Brown v. McQueen, (6 Blackf. R. 208,) and West v. Thornburgh, (id. 542,) cited by the counsel for the plaintiffs in error, they are spoken of as inferior courts, having no power to act, except when the statute confers upon them jurisdiction of the subject matter. But it was not decided nor was it meant to be said in these cases, that they are courts of special and limited jurisdiction in the technical sense of the term. All the courts of the State, from which an appeal or writ of error lies, are inferior courts in one sense, inasmuch as their decisions are subject to be reviewed and reversed by the appellate tribunal, and their jurisdiction of the subject matters of suits is given and limited by the statute. The Probate Courts are courts of record, and by the act under which they were organized, in the exercise of the jurisdiction granted to them, they are invested with the incidental powers of other courts of law and equity. In West v. Thornburgh, it is said, that when jurisdiction of the subject matter, as in cases of partition, is given to them, they may exercise the powers incident to courts of chancery, and in Doc v. Wise, (5 Blackf. R. 402,) and Doe v. Hawkins, (id. 487,) it was held that evidence of the facts necessary to give them jurisdiction need not appear upon the record. These last mentioned cases assign to them the distinguishing characteristic of courts of general jurisdiction, for in what are technically called courts of special and limited jurisdiction, such as courts martial or other courts not of record, it is not doubted that all the facts necessary to give jurisdiction or to authorise judicial action, must appear upon the face of the proceedings, or their judgments will be disregarded.
“ It appears, therefore, that the Probate Courts, as courts of general jurisdiction, had, at the time of the proceedings in question, undoubted jurisdiction to decree a partition or sale of real estate in the cases provided for by the statute.
“ We will now proceed to enquire what was necessary to bring a case presented, within the operation of such jurisdiction, and, in doing so, we will endeavor to ascertain the force of the objections made to the proceedings in question.
“ The first step to be taken, was, obviously, the application. The statute does not prescribe the mode in which the application should *391 be made, but it was made in the present instance by petition, and upon such application being made, it became the duty of the Court to ascertain, first whether the facts therein alleged were substantially such as to authorise the remedy petitioned for; secondly, whether the requisite-notice had been given to the other owners; thirdly, whether the facts alleged were stated with sufficient form and precision ; and fourthly, whether the statements contained in the petition were true. If the first enquiry was answered satisfactorily, that is, if sufficient facts were alleged, to bring the case presented within the jurisdiction of the Court, such jurisdiction at once attached, and the remaining subjects of enquiry became the subjects of judicial action, but were not questions necessarily incident to the exercise of jurisdiction. Jurisdiction must necessarily exist before such questions can be examined and determined. It is defined by the Supreme Court of the United States to be the power to hear and determine a cause. 6 Peters R. 709. In this case the petition filed by Kendrick avers that, he together with other persons named were the owners of several tracts of real estate situated in a certain congressional township and range, and that he desired to have partition thereof. This, we think, was sufficient to satisfy the first subject of enquiry noticed above, and to authorise the entertainment of jurisdiction in the case. It is true, the petition does not otherwise set out the county and state in which the land was situated, and it does not correctly describe the tracts now in controversy, but these defects might have been and probably were remedied by the proof, as there is no pretence that the land sold under the subsequent orders of the Court was not, in fact; situated in the county of Vermillion and owned by the parties to the application.
“ An omission to state the names of the persons who were joint owners, with the petitioner, of the land sought to be divided, could not affect the question of jurisdiction, as to the subject matter of the suit, or as to those who were made parties. But it is contended on behalf of Mouser and wife, that they were not made parties to the petition, and, therefore, they are not bound by the proceedings. Here we may notice the discrepancy between the original petition on file in the clerk’s office, and the entry upon the order book, which recites the substance of the petition filed as the basis of the application, and by which it appears that Mouser and wife were named therein as joint owners with the applicant. Regarding bolh the original petition and this entry as parts of the record of the *392 cause, we think the latter, where the discrepancy occurs, must be taken as the authentic exposition of the facts. Viewing it in this light we find nothing contradictory, as the petition is merely silent; otherwise, we should be obliged to discredit a positive averment of the record. Parties may be added after a suit has been commenced, and it is to be presumed, that in this instance, the additional names would not have been inserted in the entry upon the order book, unless proper steps had been taken for that purpose. We are of opinion, therefore, that it sufficiently appears that Mouser and wife were made parties to the application, so far, at least, as an averment of their joint ownership was necessary to bring them before the Court, and we need not consider what effect, if any, the subsequent proceedings would have had upon their rights had the fact been otherwise.
“ The next objection to be noticed, is the alleged defect of the record in not showing that legal notice was given of the application. Upon this point we think there is no difficulty. It has been repeatedly held by this Court, that it is sufficient if the record states there was satisfactory evidence of the due service of process or publication of notice. In this case, it appears that satisfactory evidence was before the Court, that notice had been ‘duly given’ by publication in the ‘ Wabash Heraldand the only defect alleged is, that the Wabash Herald, is not stated to be a newspaper published in tins State. We think this omission is not material. In the. case of Horner v. The State Bank, May term, 1848, it was held that where the record is silent as to the proof of notice, it will be presumed that the requisite steps had been taken to bring the parties within the jurisdiction of the court.
“ With respect to the right of Kendrick to file the petition without his wife being joined, from what we have already observed, it will appear, that it does not give rise to any question affecting the jurisdiction of the Court. The petition does not disclose the fact that he claimed an ownership in the land in right of his wife. It simply avers that he with the other persons named were the proprietors of certain land, &c. It is to be observed, however, that it is not now necessary to decide what effect these proceedings have upon the estate which would have vested in Mrs. Kendrick after the termination of the marriage. If we regard the sale as having transferred the interest of her husband only, it is a sufficient bar to the recovery of the share which descended to her in the present suit; and he, *393 certainly, is not entitled to contest the validity of the sale to that extent, after having the sale made upon his own application and after having received the purchase money, on the ground that he had falsely represented in his petition that he was one of the proprietors.
“ Having thus arrived at the conclusion that the Probate Court had jurisdiction of the subject matter of the application for partition, and that all the present plaintiffs in error or those under whom they claim, excepting Mrs. Kendrick, are sufficiently shown to have been brought within such jurisdiction by being joined in the petition and legally notified of the application, the remaining objections to the validity of the proceedings may be easily disposed of. The sufficiency of the report of the commissioners, the proof of the title of the petitioner, and the ascertainment of the relative shares of the several parties, were all matters of subsequent adjudication, and the decisions of the Court thereupon cannot be controverted collaterally. It follows, of course, that the title of a bona fide purchaser, acquired under the proceedings, must be deemed valid.
“We do not consider it necessary, to enter upon a discussion of the doctrines relating to the distinction, between judgments which are to be regarded as wholly void, and those merely erroneous. Numerous cases have been cited by the counsel for both parties, but setting out of view those occurring in courts of special and limited jurisdiction, and those arising upon judgments rendered in other States, neither of which class of cases is applicable as authority to the points involved in the present suit, the weight of authority is decidedly against the right of the plaintiffs in error, for the causes above stated, to impeach, collaterally, the proceedings in partition upon which the title of the defendant is based. See Grignon's Lessee v. Aster, 2 How. U. S. R. 341 and the earlier cases in the same court to which reference is made, and also 2 Amer. Lead. Cas. 551, where the authorities on this subject have been collected.”
Judgment affirmed, &e„