Nov. Term,
1856.

MAXWELL.
v.
COLLINS

(1) The counsel for the appellee cited the following authorities:

The first petition, the proceedings under it, and the contract with *Kincaid*, are void (5 Blackf. 462), and are not susceptible of confirmation. 1 Comst. 79.—5 Ind. R. 353.—Story on Agency, ss. 240, 241.

The powers of the trustees must be strictly construed.—5 Ind. R. 38.—18 Barb. S. C. 393.—7 Hill, (N. Y.) 9.

The law does not favor the repeal of statutes by implication. 5 Ind. R. 41.—2 Barb. S. C. 316.

A statute must be so construed, if possible, as to render every part of it operative. 5 Ind. R. 105.

---

## MAXWELL *v.* COLLINS.

Suit may be brought before a justice of the peace in the county where the cause of action arose, against a resident of another county, found within the justice's jurisdiction.

Section 13, 2 R. S., p. 453, does not interfere with the common-law right of suing in transitory actions, except where the suit is against a resident of the county.

The application of the words of a statute may be enlarged or restrained to bring the operation of the act within the intention of the legislature, when no violence is done by such interpretation to the language of the statute.

Nov. Term, 1856.

MAXWELL. v. COLLINS

APPEAL from the *Wayne* Court of Common Pleas.

PERKINS, J.—*Maxwell* sued *Collins*, upon an account, before a justice of the peace of *Wayne* county. *Collins* was a resident of *Montgomery*, and on a temporary visit to *Wayne* county. Judgment against *Collins* before the justice. On appeal to the Common Pleas, *Collins* denied the jurisdiction, over him, of the Court in *Wayne* county, on the ground that he was sued out of his township.

*Monday, November 24.*

He relied for the maintenance of his position, upon the section of the statutes, (2 R. S. p. 453, s. 13,) (1) providing that no person shall be sued before any justice except in the township where he resides, &c. The Court below held that he had established his position, and rendered judgment in his favor.

We think the Court made a mistake. We think that section, considered in connection with the others on the same subject, should be construed as relating to the township where the plaintiff resides when suit is brought in the county of his residence. The object of the statute was, as we all recollect from the history of its passage, to prevent justices at the county seat of a county, from engrossing the principal business at the expense of the justices of the other townships. The people of the whole county, in most cases, trade most and are oftenest at the county seat, and hence, were there mostly caught and sued.

The statute does not interfere with the common-law right of suing in transitory actions, except where the suit is against a resident of the county. It was never meant that if a debtor came into this State from an adjoining State he could not be sued here before a justice. Yet, if the statute is to be interpreted in its broadest sense, such would be its effect. It must receive a more limited construction—one in accordance with its spirit and intention.

Nov. Term,
1856.
———
MAXWELL.
v.
COLLINS

It is a settled rule of interpretation of statutes, that the application of the words of a single statute may be enlarged or restrained to bring the operation of the act within the intention of the legislature, when violence will not be done by such interpretation to the language of the statute. *Murphy* v. *Barlow*, 5 Ind. R. 230. If a man goes from *Montgomery* to *Wayne* county and purchases horses or bills of goods, promising to pay for them before leaving town, but does not, we see no reason why, if he return there at a subsequent day, the debt not being paid, he should not be there sued for it, as, also, if he came there a debtor from a foreign State. This being the case, we need not inquire as to the waiver of the question of jurisdiction here by appearance (2).

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. B. Julian,* for the appellant.

*J. S. Newman* and *J. P. Siddall,* for the appellee.

(1) Section 13, 2 R. S. p. 453, provides that, "'No person shall be sued before any justice out of the township where he resides, except as hereinafter specified, unless such suit is commenced by a *capias ad respondendum,* or where there shall be no justice competent to act in such township."

Section 9, 2 R. S. p. 451, enacts that, "The jurisdiction of justices in civil cases, shall, unless otherwise provided by law, be limited to their townships respectively."

Section 75, 2 R. S. p. 465, provides that, "In all cases not in this act specially otherwise provided, proceedings before justices shall be governed by the practice and usages of Circuit Courts, and the rules of the common law, so far as the same are in force in this State."

The civil procedure act, after reciting what actions must be commenced in the county where the subject of the action, or some part of it is situated or arose, provides,—2 R. S. p. 34, s. 33,—that, "In all other cases, the action shall be commenced in the county where the defendants, or one of them, has his usual place of residence. Where there are several defendants, residing in different counties, the action may be brought in any county where either defendant resides, and a separate summons may be issued to any other county where the other defendants may be found; and in all cases of non-residents, or persons having no permanent residence in the State, action may be commenced and process served in any county where they may be found."

(2) But see, on this point, *Thomas* v. *Winters,* 4 Blackf. 161.—*M'Cormick* v. *Maxwell,* 4 Blackf. 168.—*Perkins* v. *Smith,* 4 Blackf. 299.—*Allison* v. *Hedges,* 5 Blackf. 546, cited by counsel for the appellee.