LONGWORTH'S Executors *v.* THE COMMON COUNCIL OF THE CITY OF EVANSVILLE.

CITY OF EVANSVILLE.—*Annexation of Territory.*—*Constitutional Law.*—*Local and General Laws.*—The act of March 6th, 1865 (Reg. Sess. p. 113), amending section 71 of "an act granting to the citizens of the town of Evansville, in the county of Vanderburgh, a city charter," &c., is not in conflict with section 23 of article 4 of the constitution of the State, and is within the express grant of power in the constitution to the legislature to modify any former act of incorporation for municipal purposes.

PETITION OF COUNCIL.—*Construction.*—A petition to the board of commissioners of Vanderburgh county, subscribed and sworn to by the mayor and members of the common council of the city of Evansville, purported to be the petition of the common council of said city, and alleged that "it is the desire of said common council that certain territory, hereinafter described, contiguous to said city, and platted, or laid off, should be annexed to said city in pursuance of the provisions of," &c.

*Held*, that this sufficiently showed that the city desired to annex the territory described.

APPEAL from the Vanderburgh Circuit Court.

RAY, J.—This was a proceeding instituted by William Baker, mayor, and other persons, describing themselves as the common council of the city of Evansville, to annex certain territory to said city. The proceeding, as appears on

the face of the petition, was instituted under and by virtue of the act approved March 6th, 1865 (Acts 1865, p. 113). The petition for the annexation was presented to the board of commissioners of Vanderburgh county, and the board made an order providing for notice of the pendency thereof. At the June term, 1867, the appellants appeared by counsel and moved to dismiss said application, for the reason that the same was not properly authenticated. This motion was overruled. The appellants filed their answer and remonstrance. The board, upon the hearing of the application, ordered the annexation of the territory described. The appellants appealed to the circuit court. In the circuit court appellants filed a demurrer to the petition, the ground being that it did not contain the statement of sufficient facts. The court overruled the demurrer. Upon proper application, a change of venue was granted to the Spencer Circuit Court. In the Spencer Circuit Court appellants filed their amended motion to dismiss the proceeding. The grounds of said motion were, that the record does not show that it is the desire of said city to annex said territory; that there is no proper notice in the record; and that there is no petition on file.

This motion was overruled, and exception was taken. The answer of appellants was re-filed, by leave of court. The cause was transferred back to Vanderburgh county. There, at the October term, 1868, the cause came on to be heard before a jury. The jury found for the plaintiffs. There was a motion for new trial, for the reason that the verdict is contrary to law, and other causes; which motion was overruled, and exception was taken. The appellants then moved in arrest, assigning as grounds,

1st. The act under which the proceeding was instituted is unconstitutional, null, and void.

2d. There is no law authorizing such proceedings.

3d. There is no petition or other legal application on file.

This motion was overruled, and exception was taken. Final judgment was rendered, ordering that said territory

be annexed to said city, whereto appellants excepted. From this final judgment appellants appeal, alleging as error,

1st. The circuit court erred in overruling appellants' demurrer to complaint; 2d, in overruling motion to dismiss; 3d, in overruling motion for new trial; 4th, in overruling motion in arrest; 5th, in rendering the judgment set out.

The city of Evansville exists under a special charter, granted January 27th, 1847. Local Laws 1846–7, p. 3.

The present constitution, which took effect November 1st, 1851, provides, that "all acts of incorporation for municipal purposes shall continue in force, under this constitution, until such time as the General Assembly shall, in its discretion, modify or repeal the same."

By the act of March 6th, 1865, entitled "an act to amend the seventy-first section of an act entitled 'an act granting to the citizens of the town of Evansville, in the county of Vanderburgh, a city charter,' approved January 27th, 1847, and to add supplemental sections to said act" (Acts 1865, Reg. Sess., p. 113), certain powers are conferred upon the city council of Evansville. It is insisted that that act is unconstitutional, null, and void.

The twenty-third section of article four of the constitution (1 G. & H. 40) declares, that "in all the cases enumerated in the preceding section, and in all other cases where a general law can be made applicable, all laws shall be general and of uniform operation throughout the State."

The amendment relates to the power of the city to annex adjoining territory. This is not a case where a general law is required by the express terms of the constitution. In *Gentile* v. *The State*, 29 Ind. 409, we held, overruling *Thomas* v. *The Board of Commissioners of Clay County*, 5 Ind. 4, that "it is for the legislature alone to judge whether a law on any given subject, not enumerated in section twenty-two of the constitution, can be made applicable to the whole State."

Under this construction, doubtless, special powers might be conferred on any city within the State, as the members

of the legislative body, acting under their oaths, might deem the special circumstances of the case required.

Beyond this, the express grant of power in the constitution to the legislature to modify any former act of incorporation for municipal purposes, places the constitutionality of the act before us above cavil.

The other objections are still more trivial. It is seriously insisted that the petition does not show that the city desired to annex the territory described.

The petition purports to be "the petition of the common council of the city of Evansville," and alleges that "it is the desire of said common council that certain territory hereinafter described, contiguous to said city, and platted, or laid off, should be annexed to said city, in pursuance of the provisions of," &c. This petition is signed and sworn to by the mayor and members of the city council.

It is objected that the notice was insufficient. As a matter of practice such motions, after an appearance and demurrer, would as well be omitted.

Judgment affirmed, with costs.

*C. Denby* and *T. E. Garvin*, for appellants.

*A. Iglehart*, for appellee.