No. 12,170.

## WARREN v. THE CITY OF EVANSVILLE ET AL.

CITY OF EVANSVILLE.— *Power of Legislature to Amend Charter.*— *Constitutional Law.*—*Taxation.*—The charter granted to the city of Evansville by the act of 1847 was continued in force as an entirety, with the reserved power of amendment and repeal by clause 4 of the schedule to the Constitution of 1851, and the act of March 7th, 1873, amending certain sections of such charter, including section 35, relating to taxation, is constitutional.

From the Vanderburgh Superior Court.

*C. Denby* and *D. B. Kumler*, for appellant.

*J. B. Rucker*, for appellees.

HOWK, J.—In this case the appellant, Warren, in his complaint of two paragraphs, prayed the superior court of Vanderburgh county to perpetually enjoin the appellees, the City of Evansville and Nicholas M. Goodlett, treasurer of such city, from enforcing, or attempting to enforce, the collection of certain municipal taxes which, he claimed, had been illegally assessed by such city against his property. Appellees separately demurred to each paragraph of appellant's complaint, upon the ground that it did not state facts sufficient to constitute a cause of action. These demurrers were sustained by the court, and appellant excepted, and, failing to amend or plead further, judgment was rendered by the court that he take nothing by his suit, and that appellees recover of him their costs.

Appellant has here assigned as errors the sustaining of appellees' separate demurrers to each paragraph of his complaint.

In the first paragraph of his complaint appellant alleged that he was a resident and taxpayer of the city of Evansville, and in the year 1883, and since, owned real and personal property within the corporate limits of such city, appraised by the city assessor for the year 1883 at the value of $9,735; that under and by virtue of section 35 of an act entitled "An

act granting to the citizens of the town of Evansville, in the county of Vanderburgh, a city charter," approved January 27th, 1847, the city of Evansville and its common council were expressly prohibited from levying an *ad valorem* tax, exceeding three-fourths of one. per centum, upon the value of the property, capital and money taxed in such city, for any one year ; yet that the city of Evansville and its common council, for the year 1883, wrongfully, illegally, and without any power or authority so to do, levied and assessed against and upon appellant's property as aforesaid an *ad valorem* tax of one and one-quarter per centum for general city purposes; that having thus levied such tax and imposed a burden upon appellant's property beyond the power and authority of such city and its common council, appellee Goodlett, treasurer of such city, was threatening and was about to seize and levy upon appellant's property and sell the same to pay such illegal tax levy and assessment; that on the 11th day of April, 1884, such taxes against appellant's property having been returned delinquent, he paid to appellees the full amount of the legal taxes assessed against his property on the valuation aforesaid, to wit, three-fourths of one per centum on said valuation, together with interest, penalties, cost of advertising and poll; and that, when he commenced this suit, appellant did not owe the city of Evansville anything on account of such pretended assessment, levy and tax.

In the second paragraph of his complaint, substantially the same facts are stated by the appellant as in the first paragraph, with this addition : That the city of Evansville and its common council, in disregard of the limitations laid upon them by the original section 35 of the charter of such city, levied and assessed upon appellant's property, valued as aforesaid, an *ad valorem* tax of one and one-fourth per cent. for general city purposes, pretending to act under and by virtue of an act of the General Assembly of this State, pretending to amend such section 35 of the charter of such city, " which amendatory act, plaintiff avers, is unconstitutional and void."

It is manifest that appellant's case, as stated in each of the
paragraphs of his complaint, is founded wholly upon the
averment last quoted, namely, that the amendatory act re-
ferred to is "unconstitutional and void." In the first para-
graph of his complaint, appellant quietly ignored the amend-
atory act in question, as a thing so unconstitutional and void
that it need not be even noticed. In the second paragraph
he denominates such act as a pretended amendatory act, un-
der and by virtue of which the city of Evansville and its
common council pretended to act in levying and assessing the
*ad valorem* tax of one and one-fourth per cent., and then
avers that such amendatory act is unconstitutional and void.
So that we may safely say, as it seems to us, that if the amend-
atory act referred to was a valid exercise of legislative power,
as we think it was, and if such act is, and has been since its
approval, a valid and subsisting law, as we think it has been
and is, appellant has not stated a cause of action for either
legal or equitable relief in either paragraph of his complaint.
The amendatory act referred to was approved March 7th,
1873, and, by virtue of a section declaring an emergency, it
took effect and was in force " from and after its passage." It
had been in force, therefore, for more than eleven years, when
the pending suit was commenced by appellant, on the 14th
day of April, 1884.

The amendatory act is entitled "An act to amend the
fourth, fifth, twenty-sixth, thirty-fifth, forty-third and fifty-
eighth sections of an act, entitled 'An act granting to the
citizens of the town of Evansville, in the county of Vander-
burgh, a city charter.' Approved January 27th, 1847." By
its terms the original city charter took effect and was in force
from and after its passage. In less than five years thereafter,
to wit, on the 1st day of November, 1851, the Constitution
of 1851 became, and has continued to be, the organic or fun-
damental law of this State.

In the *fourth* clause of the schedule or ordinance, which
is annexed to and forms a part of the Constitution of 1851,

it is provided as follows: "All acts of incorporation for municipal purposes shall continue in force under this Constitution until such time as the General Assembly shall, in its discretion, modify or repeal the same."

It is not claimed, on behalf of appellant, that the original city charter of the city of Evansville was not continued in force, and is not now in force, under and by virtue of this fourth clause of such schedule or ordinance. On the contrary, his counsel claim, as we understand them, that the original charter just as it was enacted, or, at least, section 35 thereof, is in full force; and they rest his case upon the assumption that it was not in the power of the General Assembly to amend such act, or any section thereof, in such manner as was done or attempted to be done in the amendatory act of March 7th, 1873, by enlarging the corporate powers of the city of Evansville, or of its common council. Counsel on both sides seem to have overlooked the express reservation by the General Assembly of the right "to amend or repeal" the original charter of the city of Evansville, set forth in section 72 of such act, as follows: "And the right is hereby reserved to the Legislature to amend or repeal this act at any and all times hereafter, saving to individuals their rights to property and choses in action acquired under it, and their rights to recover and receive debts and demands due them from the city of Evansville." Local Laws 1847, p. 34.

Much research and learning have been exhibited by appellant's counsel, in their argument of this cause, to show that the word "modify," as used in the fourth clause above quoted of such schedule or ordinance, does not confer any power or authority upon the General Assembly to amend the city charter of the city of Evansville, at least in the sense or to the extent of enlarging any of the corporate powers of such city, or of its common council. We do not find it necessary, however, under our view of the case in hand, to attempt to arrive at the exact or precise meaning of the word "modify," as used in such fourth clause. There can be no doubt, we

think, that, by such clause, the original charter of the city of Evansville was and is continued in force. Certainly, appellant's counsel are in no position, in this case, to question or doubt that such original charter was thus continued in force; for, as we have already said, appellant's complaint herein rests upon the assumption that such charter, and, especially, the original section 35 thereof, were so continued in force. But, if such charter was continued in force after the Constitution of 1851 took effect, under and by virtue of such fourth clause of such schedule or ordinance, then it is clear, we think, that such charter was so continued in force, intact and as an entirety, with all the rights therein and thereby granted to the city of Evansville, and its common council, and with the right expressly reserved to the General Assembly therein "to amend or repeal this act at any and all times hereafter." So that, without especial reference to the precise meaning of the word "modify," as used in such fourth clause, it must be held, we think, as we now hold, that the General Assembly had and has full and complete power to amend the city charter of the city of Evansville, and that the amended section 35 of such charter, of which complaint is made by appellant herein, is a constitutional and valid law.

This conclusion is sustained, we think, by the case of Longworth v. Common Council, etc., 32 Ind. 322, although the decision there rests upon a different line of argument from that we have pursued in the case at bar.

See, also, Kelly v. State, ex rel., 92 Ind. 236, and cases cited, in relation to the question of local or special legislation, as applied to this case.

We find no error in the record.

The judgment is affirmed, with costs.

Filed March 30, 1886.