The City of Evansville *et al. v.* Summers.

No. 13,386.

## THE CITY OF EVANSVILLE ET AL. *v.* SUMMERS.

CITY OF EVANSVILLE.—*Special Charter.*—*Amendment.*—The special charter granted to the city of Evansville in 1847, may be amended by special or general acts.

SAME.—*Street Improvement.*—*Payment of Part of Cost Out of City Treasury.*— *Section 58 of Charter not Repealed by Act of 1885.*—Section 58 of the special charter of the city of Evansville, as amended in 1881 (Acts of 1881, p. 22), providing that such city may pay a part of the cost of street improvements out of its treasury, is not repealed or affected by the general act of April 13th, 1885 (Acts of 1885, p. 207).

STATUTES.—*Construction.*—*Rules.*—*Intention of Legislature.*—In the construction of statutes the prime object is to ascertain and carry out the purpose of the Legislature in their enactment, and to do this the words used must be first considered in their literal and ordinary signification, but the courts may go beyond such meaning of the words, and look to other statutes upon the same subject, to the objects contemplated, the evils to be corrected, and the remedy provided.

From the Vanderburgh Superior Court.

*J. B. Rucker,* for appellants.

*R. D. Richardson* and *J. T. Walker,* for appellee.

ZOLLARS, J.—The city of Evansville has never adopted the general law for the incorporation of cities, but has a special charter, granted in 1847.

In the fourth clause of the schedule, which is annexed to, and forms a part of, the Constitution of 1851, it is provided that "All acts of incorporation for municipal purposes shall continue in force under this Constitution until such time as the General Assembly shall, in its discretion, modify or repeal the same."

That the special charter, thus granted and retained, may be amended by special or general acts, is not here questioned, and is well settled. *Longworth* v. *Common Council of Evansville,* 32 Ind. 322 ; *Warren* v. *City of Evansville,* 106 Ind. 104 ; *City of Evansville* v. *Bayard,* 39 Ind. 450 ; *Eichels* v. *Evansville Street R. W. Co.,* 78 Ind. 261 (41 Am. R. 561) ; *Chamberlain* v. *City of Evansville,* 77 Ind 542.

As amended in 1881, Acts 1881, p. 22, the 58th section of the special charter confers authority upon the city to improve the streets, alleys and sidewalks, either upon petition by the abutting lot-owners, or by a vote of two-thirds of all the members of the common council, and to assess the expense and cost of such improvements upon the lots, or parts of lots, fronting, abutting or adjoining such improved street or alley, and to enforce the collection of such assessments by a sale of the lots, in the manner provided, or by an action to enforce the lien of the assessments, etc.   When the improvements are made upon contract, the contractor accepts the assessments as so much money, and enforces the collection of them by the remedies above stated.

In that section there is this proviso : *"Provided, further,* That the city of Evansville may pay out of its treasury a half of the cost and expenses of such improvements or repairs other than sidewalks and alleys ; and in the event it elects so to do, the other half of such costs and expenses shall be assessed and charged on all lots or parts of lots abutting or adjoining as aforesaid; and the provisions of this act, including remedies, shall govern any improvements or repairs made hereunder, whether the same be charged in whole or in part against the lots or parts of lots abutting or adjoining as aforesaid."

By a general ordinance, passed in May last, it was ordained that thereafter the cost of street improvements, such as may be made under the foregoing amended section of the charter, should and shall be paid, one-third by the city and two-thirds by the abutters, with this proviso : *"Provided, however,* that the city shall pay for street intersections, and this ordinance shall not apply to sidewalk improvements, nor where the only improvement made is the grading of the street."

Subsequent to the passage of the above general ordinance, the common council passed an ordinance for the improvement of certain streets, and entered into a contract with the city's co-appellants herein for the doing of the work.

Appellee instituted this action to enjoin the city authorities from paying the one-third of the cost of the improvements out of the general fund of the city.

It is conceded, that under the above mentioned section of the city charter, such payment might lawfully be made, but it is contended, that that section has been superseded and repealed by a general law enacted in 1885.    Acts 1885, p. 207.

That contention presents the controlling question in the case.    The title of the act of 1885 is " An act concerning contracts made by order of the common council of cities for the grading and improvement of streets and alleys, providing the manner of estimating the cost thereof and of enforcing the same against the lots and unplatted lands abutting on such streets or alleys, fixing the liability therefor, and declaring an emergency."

The act, so far as need be set out in full, is as follows: " Be it enacted, * * * That in all contracts * * hereafter made by order and under the direction of the common council of any city in this State for the grading, paving, guttering and improvement of any street or alley in such city, the cost of such improvements shall be estimated according to the whole length of the street or alley, or the part thereof to be improved, per running foot; and the city shall be liable to the contractor for so much thereof only as is occupied by public grounds of the city bordering thereon, and the crossing of streets and alleys; and the owners of lots bordering on such street or alley or the part thereof to be improved, shall be liable to the contractor for their proportion of the cost, in the ratio of the front lines of lots owned by them to the whole improved line."

Does this act repeal that portion of the above section of the special charter of the city of Evansville, which authorizes the payment of one-third of the cost of such improvements out of the city treasury, if the common council shall so determine ?

Did the Legislature so intend in the enactment of the statute?

In the construction of statutes, the prime object is to ascertain and carry out the purpose of the Legislature in their enactment. To do this, the words used in the instrument should be first considered in their literal and ordinary signification, but it is often necessary to inquire beyond such meaning of words.

In the case of the *City of Valparaiso* v. *Gardner*, 97 Ind. 1 (6) (49 Am. R. 416), in speaking of the rules of construction, this court said: "While it is our duty to yield to the words of the Constitution, still, in determining what meaning they were intended to have, it is proper to consider the circumstances under which the provision was adopted, and the object it was intended to accomplish. Cooley Const. Lim. (5th ed.), 78, 79."

In the case of *Maxwell* v. *Collins*, 8 Ind. 38, it was said: "It is a settled rule of interpretation of statutes, that the application of the words of a single statute may be enlarged or restrained to bring the operation of the act within the intention of the Legislature, when violence will not be done by such interpretation to the language of the statute."

In the case of *Taylor* v. *Board, etc.*, 67 Ind. 383 (384), it was said: "It is a settled principle that, in construing a statute, the intention of the Legislature must govern. To ascertain this intention, we must look to the letter of the statute, to other statutes upon the same subject, * * * to their spirit and purpose, and harmonize what may appear to be conflicting, so as to bring them into concord with a general and uniform system."

In the case of *Prather* v. *Jeffersonville, etc., R. R. Co.*, 52 Ind. 16, it was said: "So in case of doubt or uncertainty; acts *in pari materia*, passed before or after, and whether repealed or unrepealed, may be referred to in order to discern the intent of the Legislature in the use of particular terms; and, within the same rule and the reason of it, contempora-

neous legislation, although not precisely *in pari materia*, may be referred to for the same purpose."

And in the case of *State, ex rel.,* v. *Forkner,* 70 Ind. 241, it was.said : " The chief thing to be explored is the intention. This the judiciary is to seek in the history of legislation ; in the objects contemplated, the evils to be corrected, and the remedies provided."

And so, in the case of *State* v. *Canton,* 43 Mo. 48, it was said : " It is an established rule, applicable to the construction of all remedial statutes, that cases within the reason, though not within the letter of a statute, shall be embraced by its provisions; and cases not within the reason, though within the letter, shall not be taken to be within the statute."

See, also, the cases of *Middleton* v. *Greeson,* 106 Ind. 18, and the numerous cases there cited ; *Stout* v. *Board, etc.,* 107 Ind. 343 ; *Miller* v. *State, ex rel.,* 106 Ind. 415 ; *Storms* v. *Stevens,* 104 Ind. 46.

Keeping in view the well settled rules of construction, as announced in the foregoing cases, must we determine that it was the intention of the Legislature, by the act of 1885, to overthrow that portion of the special charter of Evansville, which gives discretion to the common council to pay out of the city treasury one-third of the cost of street improvements ?

Section 69 of the general law for the incorporation of cities, as enacted in 1867, provided, that in the improvement of streets, the city should be liable to the contractor for so much of the improvement only as was occupied by public grounds of the city bordering thereon, and the crossings of streets and alleys, and that the owners of lots bordering on such streets and alleys, or the part thereof to be improved, should be liable to the contractors for their proportion of the costs, in the ratio of the first line of the lots owned by them, to the whole improved line. 1 R. S. 1876, p. 303.

Under that section, a lot could not be assessed unless it

abutted upon the street, although but a narrow strip of land might separate it from the street.

That section was amended in 1881, so that the assessments might be extended upon lots and land back to the distance of fifty feet from the front line, whether such ground should be subdivided by platting or conveyance, or in any other manner, etc.    Acts 1881, p. 392; R. S. 1881, section 3163.

The above act of 1885, although it does not purport upon its face to be an amendment of the above section 69, as amended in 1881, covers and embraces the same subject-matter, enlarges the authority, so that lots and unplatted lands may be assessed back to the distance of one hundred and fifty feet from the front line, and provides a mode of collection by suit, etc.

Section 69 above, the amendment thereof in 1881, and the act of 1885, each and all, fix a limit to the liability of the city to the contractor, but neither of them fixes, or attempts to fix, a limit upon the authority of the common council of the city to pay for a part of the improvements out of the general funds of the city, if, in the judgment of the common council, such payment is admissible.

Section 70 of the general law for the incorporation of cities, 1 R. S. 1876, p. 304, authorizes the common council, if they deem it just and right, to pay a part or the whole of the cost of street improvements out of the general revenue of the city.

That section, conferring authority to pay for street improvements out of the general revenue, is in no way affected by the act of 1885, which limits the liability of the city for such improvements.    As the law now stands, therefore, cities incorporated under the general law are liable to a limited extent, but have authority to pay out of the general revenue to the extent of the entire cost of street improvements.    In these regards, they occupy the same position which they did before the passage of the act of 1885.    And thus, while the act of 1885 does not purport to be an amendment of the

amended section 69, it subserves the same purpose. It was evidently intended to take the place of that section.

The above amended section 58 of the charter of Evansville also fixes a limit to the liability of the city to contractors for street improvements. Under that section, the city may assess the cost of the improvements upon the abutting lots, and is not liable for the amount so assessed. The contractor takes the assessments in lieu of so much money, and may collect them by the sale of the lots upon proper notice, in the mode provided, or by an action to enforce the lien, etc.

And what is provided by section 70 of the general law for the incorporation of cities, in the way of authority to pay for street improvements out of the general revenues, is provided for the city of Evansville in the above proviso in section 58 of its charter. And thus, both the cities incorporated under the general law, and the city of Evansville, under the above section of its charter, have authority to pay for street improvements out of the general revenues of the city. The only difference is, that the one class may thus pay the whole of the cost, while Evansville may not so pay to exceed the one-half of the cost of such improvements.

To hold that the above act of 1885 so repealed the whole of the above amended section 58 of the Evansville charter, as to take from that city the right to pay a part of the cost of street improvements out of the general revenues, would be to place that city upon narrower grounds than are occupied by cities incorporated under the general law.

In our judgment, the act of 1885 was not intended to so apply to the city of Evansville as to take from it the authority to pay a part of the cost of street improvements out of the general revenue of the city. It does not purport to be a repeal of any portion of the Evansville charter; and if it should be held that it in any way applies to that city, it would not follow that it would repeal that portion of the amended section 58 of its charter, which gives the city au-

thority to pay a part of the cost of street improvements out of the general revenue.

It did not destroy the authority of other cities to so pay out of the general revenue, nor did it destroy the like authority of the city of Evansville.

If it should be held to apply to that city, and to any extent repeal the amended section 58 of its charter, the repeal would be such only as results by implication. Such repeals are not favorites of the law, and will take place only to the extent that the new law is in irreconcilable conflict with the prior law. *Spencer* v. *State*, 5 Ind. 41; *Blain* v. *Bailey*, 25 Ind. 165; *Coghill* v. *State*, 37 Ind. 111; *Water Works Co., etc.*, v. *Burkhart*, 41 Ind. 364, 380.

As we have said, the act of 1885 continues the limitation upon the liability of cities, and enlarges the power of assessing for street improvements, but it in no way limits, or undertakes to limit, the authority of cities to pay for street improvements out of the general revenues of the city. There is nothing in the act at all, directly or indirectly, in conflict with that portion of the amended section 58 of the Evansville charter which authorizes the city to pay a part of the cost of street improvements out of the general revenues of the city.

Our judgment upon the whole case is, that the act of 1885 was not intended to, and did not repeal or affect the amended section 58 of the Evansville charter, and that, therefore, the court below erred in overruling appellant's demurrer to appellee's complaint.

Judgment reversed, at appellee's cost, and cause remanded, with instructions to the court below to sustain the demurrer to the complaint.

Filed Nov. 6, 1886.