No. 13,949.

### CROWELL ET AL. *v.* JAQUA.

STREETS AND ALLEYS.—*Improvement.—Assessments.—Repeal of Statute.*—The body of section 3163, R. S. 1881, relating to assessments for street improvements, was repealed by implication by the act of April 13th, 1885 (Acts of 1885, p. 207), saving only contracts entered into before the passage of the act. Whether the provisos to section 3163 were also repealed, is a question not considered.

SAME.—*Enforcement of Assessments.—Section 3165, R. S. 1881, Modified but not Repealed.*—Section 3165, R. S. 1881, relating to the enforcement of street improvement assessments, was not repealed by the act of 1885, but only modified so far as to require that assessments against unplatted lands shall be enforced by proceedings in the circuit court, instead of by the issuance of a precept to the city treasurer. For the enforcement of assessments against platted lands within the limits of a city, a precept may be issued under section 3165, as heretofore.

From the Jay Circuit Court.

*S. W. Haynes, W. E. Cox, J. W. Headington* and *J. J. M. La Follette,* for appellants.

*D. T. Taylor, R. H. Hartford, J. B. Jaqua* and *J. A. Jaqua,* for appellee.

NIBLACK, J.—Justice G. Crowell and Jason Heston, contractors, doing business under the name and style of Crowell & Heston, and the appellants in this proceeding, on the 30th day of May, 1885, entered into a contract in writing to make certain improvements in Beech alley, one of the alleys of the city of Portland, in this State, in pursuance of an ordinance which had been adopted by the common council of that city on the 9th day of the same month. On the 14th day of the succeeding month of September, the city engineer reported to the common council that the said Crowell & Heston had completed the proposed improvements according to their contract, and submitted estimates for the work which had been performed by them, against the owners of property bordering on the alley in question. The report of the en-

gineer was accepted, and the estimates submitted were ordered to stand as assessments against the lots therein described. One of the lots included in these estimates, and against which a proportionate amount of the total cost of the improvements was assessed, was described as lot twelve (12) in block twenty (20) on the original plat of said city, and owned by James B. Jaqua, the appellee in this appeal. On the 5th day of March, 1887, Crowell & Heston filed their affidavit with the clerk of the city, alleging, among other things, that the assessment made against said lot twelve (12), as above stated, remained wholly unpaid. This affidavit was by the clerk reported to the common council, which, at its next meeting, held on the 7th day of the month last named, ordered that a precept be issued for the collection of such assessment in accordance with the provisions of section 3165, R. S. 1881, and a precept was accordingly issued.

Jaqua thereupon appealed to the circuit court, where, upon his motion, the precept was quashed, and the order directing its issuance was disapproved.

The motion to quash the precept was made, as well as sustained, upon the alleged ground that there had been no law authorizing the issuing of a precept, in a case like this, since the 13th day of April, 1885, the day on which the act of that year concerning the improvement of streets and alleys in certain cases took effect. Acts of 1885, p. 207.

In support of the action taken by the circuit court, it is claimed that sections 3163 and 3165, R. S. 1881, were impliedly repealed and entirely superseded by the act of 1885 referred to; and that, in consequence, the supposed lien which resulted from the estimates of the city engineer can only be enforced by proceedings in the circuit court similar to those which are usually resorted to in the foreclosure of a mechanic's or material-man's lien on real estate.

It is true, as insisted, that repeals by implication are not favored in the construction of statutes. This is well illus-

trated by the recent case of *City of Evansville* v. *Summers,* 108 Ind. 189, and the cases there cited and commented upon. It is, nevertheless, a well recognized rule of statutory construction, that where a new statute covers the subject-matter of an older statute, and contains some provision or provisions inconsistent with, or different from it, the new statute operates as an implied repeal of the older one. This results from the accepted doctrine that the last expressed will of the Legislature on any given subject must prevail.

The case of *Robinson* v. *Rippey,* 111 Ind. 112, cited by counsel, is not antagonistic to this latter principle of construction. In that case two statutes having relation to the construction of gravel and macadamized roads, but of different dates, were before us. The later statute declared that "This act is not intended to repeal any law now in force for the construction of gravel or macadamized roads." We held that this provision took the case out of the general doctrine of repeals by implication, and continued both statutes in force, notwithstanding certain inconsistencies between them, thus constituting two separate and distinct systems of procedure in the location and establishment of gravel and macadamized roads. Argumentatively and inferentially, the general rule as to the repeal of a statute by implication, as we have stated it, was there fully recognized and reaffirmed, and its application in that case was only prevented by the saving clause above set out.

The act of 1885 covers the entire subject-matter embraced in the main body of section 3163, to which reference has been made. It enlarges the authority of the common council of a city in causing assessments to be made against lots and lands for the improvement of streets and alleys, and contains some inconsistent provisions on the subject of assessing unplatted lands as well as in other respects. It, therefore, impliedly repealed and superseded the main body of such section 3163, saving only contracts entered into before

the passage of the act. In this view we are supported by the case of *City of Evansville* v. *Summers, supra.* The question as to whether the provisos to section 3163 were in like manner repealed and superseded, was not considered in this last cited case, and is a question not now properly before us, and is, for that reason, one concerning which nothing is either decided or intimated at the present hearing.

We fail to observe any reason for holding that section 3165 was either impliedly repealed or superseded by the act of 1885 under consideration. That section is only so far modified as to require that liens for assessments against *unplatted* lands shall be enforced by proceedings in the circuit court, instead of by the issuance of a precept to the city treasurer. In all other respects the section remains intact. For the enforcement of liens created by assessments against lots, and all classes of similarly platted lands within the limits of a city, a precept may be issued as heretofore, in accordance with the provisions of that section. It follows that the circuit court erred in quashing the precept issued in this cause.

The judgment is reversed, with costs, and cause remanded, with instructions to overrule the motion to quash the precept and for further proceedings.

Filed Jan. 27, 1888; petition for a rehearing overruled March 31, 1888.