## HAGAR and Another *v.* MOUNTS.

If a special plea, denying the execution of a note on which the suit is founded, be not verified by affidavit as the statute requires, and the plaintiff make no objection to the plea on that ground, but go to trial on the merits,—he is presumed to have waived the formality of the affidavit.

If *A.*, for a debt due to him from *B.*, take a note executed by *B.* in the name of the firm of *B. & C.*, without the knowledge of *C.*, it is a fraud on *C.* and the note does not bind him: and if *D.*, supposing from its face that the note has been duly executed by *B. & C.*, execute it with the intention of being their surety, it is also fraudulent and void as to him.

APPEAL from the *Bartholomew* Circuit Court.

BLACKFORD, J.—T. *Mounts* sued D. *Hagar* and G. B. *Hart* before a justice of the peace, on a promissory note for 100 dollars. The note filed is as follows:—"*Columbus, Jan.* 14, 1831. Three months after date, we or either of us promise to pay unto *Thomas Mounts* or order, one hundred dollars, for value received.—(Signed) *Wilson & Hagar. Gideon B. Hart.*" *Hagar* pleaded, that the note was given by *Wilson* for money long before obtained by the latter and one *Arnold*, and not for the use of *Wilson & Hagar;* that he, *Hagar*, had never assented to the making of the note; and that these facts were known to the plaintiff. *Hart* pleaded the same facts that are contained in *Hagar's* plea, and stated further that when he signed the note he did so, as he supposed, as a surety for money due from *Wilson & Hagar.* The cause was tried by the justice, and judgment rendered, on the merits, in favour of the defendants.

*Mounts* appealed to the Circuit Court. The parties, by agreement, submitted the cause to the Circuit Court without

the intervention of a jury. The Court, after hearing the allegations and proofs, gave judgment in favour of the plaintiff for 102 dollars and 50 cents, besides costs. On the trial of the cause before the Circuit Court, a bill of exceptions to the following effect was filed:—The defendants, Hagar and Hart, offered to prove that the note sued on, was for a debt due by Wilson & Arnold before Wilson & Hagar were partners; that it was given by Wilson to secure that debt without Hagar's knowledge or consent; and that Hart supposed he was becoming surety for a debt due by the firm of Wilson & Hagar. This testimony, the Court refused to admit. The appellants, Hagar and Hart, contend that the evidence, set out in the bill of exceptions, should have been received.

The first thing to be examined is, Whether the evidence offered, supposing it tended to the making of a good defence, was admissible under the pleas filed? By the statute, any plea requiring proof of the execution of a bond or note, must be supported by affidavit. Rev. Code, 1824, p. 292. The pleas in this case deny the execution of the note by Hagar, and aver it to have been given by Wilson for his individual debt. If the statute extends to these pleas, it was for the plaintiff to object to them on that ground. This he did not do; but, on the contrary, he went to trial, without objection, on the merits of the defence. He must, therefore, be presumed to have waived the formality of an affidavit to the pleas. Where the parties go to trial on the general issue without its being sworn to, the defendant is presumed to rely on some other defence than a denial of the note. But no such presumption can exist, in the case of a special plea denying the execution of the note. The plaintiff need not go to trial on the special plea unless it be sworn to, but if he does, the same proof will be admissible as if the affidavit had been made. Considering the pleas in this case, therefore, as regularly before the Court, the evidence in their support, if it tended to show a valid defence, should not have been rejected (1).

We come now to the second question in the cause. Did the testimony offered tend to prove that the plaintiff ought not to recover? There is no difficulty on this point. It is settled by decided cases. Mounts, the plaintiff below, for a private debt due to him from Wilson, takes a note from Wilson in the name of the firm of Wilson & Hagar, without the knowledge of Hagar.

This is a fraud on *Hagar*, and the note does not bind him. The note, appearing on its face to be the note of *Wilson & Hagar*, is executed by *Hart* with the intention of being their surety. If it was fraudulent and void as to *Hagar*, it must be so also as to *Hart*. *Hart* might be willing to be surety for the firm of *Wilson & Hagar*, but not for *Wilson* alone. The evidence offered, therefore, constituted a good bar to the action, and ought to have been admitted by the Circuit Court. *Shirreff* v. *Wilks*, 1 East, 48.—*Arden* v. *Sharpe*, 2 Esp. R. 524.—*Green* v. *Deakin*, 2 Stark. R. 347.—*Livingston* v. *Hastie*, 2 Caines' R. 246.—*Livingston* v. *Roosevelt*, 4 Johns. R. 251.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*P. Sweetser* and *J. Whitcomb*, for the appellants.

*H. Gregg*, for the appellee.

(1) See *Hagar et al.* v. *Mounts*, *November* term, 1833, post.