Nov. Term, 1836.

M'CORMICK
v.
MAXWELL.

---

## M'CORMICK v. MAXWELL.

A plea to the jurisdiction of a justice in assumpsit was not sworn to; but the plaintiff went to trial on it before the justice and on appeal in the Circuit Court, without mentioning the defect. *Held*, that the objection was waived.

The process in such case need not be answered, if not issued in the township where the defendant lives, or where the cause of action accrued, or where the process was served, unless there be no competent justice in such township.

The want of jurisdiction, in such case, may be proved under the general issue.

*Wednesday, November 30.*

ERROR to the *Fountain* Circuit Court.

DEWEY, J.—This was an action of assumpsit commenced before a justice of the peace. The defendant in the original suit, *M'Cormick*, pleaded to the jurisdiction of the justice without verifying his plea by oath. No objection, however, was made to the plea on that account. The justice rendered judgment against him, and he appealed to the Circuit Court.

The parties appeared there, and the defendant, on the calling of the cause for trial, proceeded to prove the facts divesting the justice of jurisdiction, without any exception being taken to the plea for the want of an oath of verification. He proved, according to the allegations in his plea, that the justice who issued the process and tried the cause, resided in·a township different from that in which the defendant lived, or the cause of action accrued, or the process was served, and that a competent justice resided in that township; and having made this proof, he moved the Court to dismiss the action. This motion was overruled, and the Court proceeded to hear the cause upon its merits, and gave judgment for the plaintiff.

It is clear from these facts, that the justice of the peace had no jurisdiction, and that the Circuit·Court should have sustained the motion to dismiss, provided the evidence was properly admitted. That it was correctly admitted there can be no doubt. No objection was made to its admission; nor could such an objection have been sustained. The plea to the jurisdiction of the justice, not having been questioned either before him or in the Circuit Court, for the want of an oath of its truth, became a good plea, and the defendant below had a right to sustain it by proof. *Hagar* v. *Mounts*, 3 Blackf. Rep. 57, 261. This Court has also decided at this term, in the case of *Thomas* v. *Winters*, that in inferior Courts of limited and special jurisdiction, matter showing a want of jurisdiction is admissible in evidence under the general issue (1).

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*A. S. White*, for the plaintiff.

*I. Naylor*, for the defendant.

(1) Ante, p. 161.