May Term, 1855.

UNTHANK
v.
THE HENRY
COUNTY
TURNPIKE
COMPANY.

---

## UNTHANK *v.* THE HENRY COUNTY TURNPIKE COMPANY.

Where the execution of a written instrument, referred to in the pleadings, is called in question, it must, by the R. S. 1852, be denied either by affidavit before trial, or by a pleading under oath.

Sections 75 and 785 of the practice act do not apply to pleadings in denial of the execution of written instruments.

The charter of a railroad company required that notice of the demand for the payment of instalments on subscriptions, should be published in a newspaper, &c., at least three weeks prior to the day the instalments became due. In a suit to recover instalments, a copy of the publication made in the newspaper, accompanied by the publisher's oath that it had been so published for three weeks, was produced in evidence. On objection that the

May Term,
1855.

UNTHANK
v.
THE HENRY
COUNTY
TURNPIKE
COMPANY.

Monday,
May 28.

three successive papers in which the notice was published were not produced, *held*, that the evidence was *prima facie* sufficient.

In a suit by a railroad company, a stockholder is a competent witness for the company.

APPEAL from the *Henry* Circuit Court.

STUART, J.—The turnpike company sued the appellant on his subscription of six shares of stock of 25 dollars each. The complaint alleges the subscription to have been made payable as the directors of the company might require; and it is averred that the directors had made such order, of which the appellant had due notice, &c.

The defendant answered, controverting in detail the several matters alleged in the complaint, only two of which negative averments raise any question for our consideration.

1. He denied, with some circumlocution, that he had subscribed any stock.

2. He denied that the directors had made the alleged order for the payment by instalments, and negatived notice, demand, &c.

Trial by the Court, and judgment for the plaintiff for the amount of the subscription.

The evidence is properly embraced in the record.

The plaintiff introduced the subscription book, with the appellant's name, and subscription for six shares. The defendant offered to prove, at the proper time, that the name was not in his hand-writing, and that it was put there without his authority. But on objection made, the Court excluded the evidence. We are of opinion that the ruling was correct. The trial was had under the new practice. The act of 1852 is differently expressed from that of 1843. R. S. 1843, p. 711. When the execution of a written instrument referred to in the pleadings, is called in question, it must be denied either by affidavit before trial, or by a pleading under oath. 2 R. S., p. 44, s. 80. Without the adoption of one or the other of these modes, the defendant should not be allowed to question the execution of the instrument. For by the 80th section, *supra*, he is entitled in all cases to have inspection before pleading.

The object of this is to enable him to determine whether the writing be genuine. If it is a forgery, and he fails to deny its execution in the one or the other of the statutory modes, he not only waives proof of such execution on the part of the plaintiff, but precludes himself from addressing any evidence to that point. And the reason is obvious. For otherwise the parties would not meet on equal terms. The plaintiff would be taken by surprise. Nothing in the record would indicate that the execution of the instrument was to be contested; and the attack on a vital part of his case would have to be met without notice or preparation.

We are therefore of opinion that until the statutory basis was laid, evidence going to the execution of the subscription-paper was inadmissible.

It is urged that other parts of the revision provide that pleadings put in under oath shall not have any more weight or impose any higher proof upon the opposite party. 2 R. S., p. 44, s. 75, and p. 205, s. 785. But those sections have no application to written instruments, if they were in force. And section 75 has been so amended as to except section 80, in terms, from its provisions. Section 785 is in the very words of section 75. The amending act may be found in the laws of 1853, p. 101. But we consider section 80 sufficiently explicit to bear the construction we have placed upon it, whether the other sections were amended, repealed, or in full force; the language and context of those sections point so clearly to a different subject-matter.

2. The second point is on the denial of the order or call made by the directors for the payment of instalments. The charter of the company requires that notice of the demand for the payment of instalments shall be published in a newspaper of the county, at least three weeks prior to the day the instalments are made due. Local Laws of 1849, p. 403. A copy of such order and publication was produced in evidence, and admitted over the objection of the appellant. The point of objection was that one copy, with the oath of the publisher to its having been so published three weeks, was not sufficient, but that the three

May Term,  successive papers in which it appeared should be produced.
1855.      The evidence, it would seem, was *prima facie* sufficient to
           shift the burden of the proof upon the defendant that it
DICKERSON  had not been so published.
v.
THE BOARD      One *Davis*, a stockholder, and director of the company,
OF COMMIS- was introduced as a witness. He was objected to on the
SIONERS OF
RIPLEY CO. ground of interest, but the objection was overruled. That
           is also presented by bill of exceptions. The witness was
           clearly competent. This we have already decided in seve-
           ral cases not yet reported.

On the subject of incompetence by reason of interest, it
is proper to correct a mistake in *Mc Call* v. *Seevers*, 5 Ind.
187. The opinion was originally prepared as reported;
but in consultation, it was agreed that the question should
be decided on the releases, and that the interest, at best,
was too remote—striking out what related to the statute.
By some inadvertence it was not stricken out at the time,
and was overlooked afterwards, without any fault of the
Reporter.

*Per Curiam.*—The judgment is affirmed, with 5 per cent.
damages and costs.

*W. Grose*, for the appellant.

*J. T. Elliott* and *J. H. Mellett*, for the appellees.