May Term, 1861.

MOORMAN v. BARTON.

reasons filed for a new trial do not touch the *finding* of the Court. We are referred to 14 Ind. 89.

We are of opinion that the error complained of was included in the cause assigned for a new trial.

The judgment is reversed, with costs. Cause remanded, &c.

*J. S. Scobey*, for the appellant.

*James T. Brown* and *E. Dumont*, for the appellee.

---

### MOORMAN and Others v. BARTON.

Saturday, June 1.

APPEAL from the *Wayne* Common Pleas.

*Per Curiam.*—The judgment in this case is affirmed, with 5 per cent. damages and costs, on the authority of *Moorman et al.* v. *Barton*, at this term.

*Bickle* and *Burchenal*, for the appellants.

*James Perry*, for the appellee.

---

### MOORMAN and Others v. BARTON.

A plea of usury which purports to answer the whole cause of action, when the facts pleaded are a bar to a part only of the claim, is bad on demurrer.

An answer setting up in bar of the action that the defendant was a surety on the contract sued upon is bad, as that fact can only go to the direction of the officer in levying the writ to be issued on the judgment.

A plea setting up an unauthorized alteration of the note sued upon is, in substance, a plea of *non est factum*, and if not verified by affidavit is equivalent to the general denial.

Evidence under the general denial is restricted, by the code, to that which tends to negative what the opposite party is bound to prove.