DENNY *v.* THE NORTH WESTERN CHRISTIAN UNIVERSITY.

Suit upon a subscription to the stock of the *North Western Christian University,* made payable in lumber. The subscription was not dated, nor was the time of its execution averred.

*Held*, that as the date of the subscription was not material but was matter of form merely, the objection could not be raised by demurrer.

*Held*, also, that the charter of the university authorized the subscription.

Where the ground of objection to the admission of testimony is not pointed out to the Court, it is not error to overrule the objection.

Where in a suit upon a written instrument there is no plea denying the execution of it under oath, evidence tending to negative its execution is not admissible.

If the subscriber had complied with the requirements of the university charter by paying the interest upon his subscription and securing the payment of the principal, by reason of which he was not liable to be sued upon his subscription, the burden of proving those facts was upon him.

May Term,
1861.
————
DENNY
v.
THE N. W.
CHRISTIAN
UNIVERSITY.

APPEAL from the *Hendricks* Common Pleas.

WORDEN, J.—Suit by the University against *Denny*, upon a stock subscription, by which he subscribed for one share of stock, payable in lumber. Demurrer to the complaint overruled, and exception taken. Issue; trial by the Court; finding and judgment for the plaintiff, a new trial being refused.

*Tuesday,*
*June 4.*

The objections to the complaint are, that it does not disclose the date of *Denny's* subscription, and also that the corporation had no power to take any thing but a cash subscription.

The subscription set out does not contain any date, nor does the complaint show when it was made. But where time is not *material*, as it is not in this case, it is matter of form only, and the defect is not reached by demurrer. We are of opinion that the charter of the plaintiff sufficiently authorizes the subscription. Local Laws, 1849–50, p. 524.

A new trial was asked for on several grounds, such of which as are relied upon in the brief of counsel will be noticed.

The record shows that the plaintiff offered in evidence the subscription sued upon, and some oral testimony; and that the defendant "excepted to the evidence introduced, or so much thereof as disclosed the conversations had by said witnesses with *Benjamin Robins*, and the statement of *Robins* to each of the witnesses in the absence of the defendant, and to the introduction of the writing sued on, severally," which objection was overruled, &c. It does not appear that any ground of objection was stated, or pointed out to the Court; and it has been held in numerous instances by this Court, that

May Term,
1861.

DENNY
v.
THE N. W.
CHRISTIAN
UNIVERSITY.

it is not error to overrule an objection made in this general manner.

The defendant offered to prove by a witness, that he did not sign his name to the writing sued on, but only stated to *John O'Kane*, (the agent of the plaintiff, by whom the subscription was procured,) that he could put his name down on a piece of paper for one share of the capital stock, payable in lumber. That *O'Kane* stated that he had no authority to receive such subscription, but that he could take the defendant's name for one share, payable in lumber, and submit it to the trustees of the plaintiff. This testimony was rejected, and the defendant excepted. The testimony thus offered only tended to negative the execution, by the defendant, of the subscription sued on. There being no plea denying such execution under oath, the evidence was inadmissible and properly rejected. *Unthank* v. *The Henry County Turnpike Co.*, 6 Ind. 125. In another part of the bill of exceptions it appears that the plaintiff, in rebutting, was permitted to give in evidence conversations between one *Vickers* and *Robins*, and *Hamrick* and *Robins*, over the objections of the defendant, made on the ground that their conversations were not with the defendant, and were irrelevant. The conversations we regard as unimportant, and without stopping to inquire whether their admission was strictly correct, we think they may be stricken out and still leave ample evidence to support the finding.

The only other point made by the appellant is as to the sufficiency of the evidence to sustain the finding. The deficiency in the evidence is claimed to be a failure to prove that *Denny* had not paid the interest due on his stock, and had not secured the payment of two thirds thereof. If these facts would be a valid defense against the immediate collection of any portion of the subscription, by the provisions of the charter of the plaintiff, the *onus* of proving them, we think, was upon the defendant.

*Per Curiam.*—The judgment is affirmed, with costs and 5 per cent. damages.

*C. C. Nave* and *J. Witherow*, for the appellant.

*Wm. Wallace* and *Benjamin Harrison*, for the appellee.