Evans *v.* The Southern Turnpike Co.

APPEAL from the *Howard* Circuit Court.

---

EVANS *v.* THE SOUTHERN TURNPIKE CO.

A general denial under the code does not put in issue the execution
of a written instrument which is the foundation of the action, but
only its existence, unless it is sworn to.

Evans v. The Southern Turnpike Co.

The general denial under oath, in code-pleading, is equivalent to a verified *non est factum*, and puts in issue the execution (including the once existence) of the instrument sued on.

The general law for the organization of turnpike companies does not make copies of articles of association evidence, and therefore the original articles are the best evidence.

APPEAL from the *Howard* Common Pleas.

PERKINS, J.—The *Southern Turnpike Company* sued *Richard Evans* upon a subscription of stock. A copy of the articles containing his subscription was filed with the complaint. *Evans* answered by general denial under oath. Trial by the Court, judgment for the plaintiff, over a motion for a new trial overruled.

*Non est factum* was the general issue at common law in actions on bonds, and its office was to put in issue the execution of the deed sued on. It was not necessary that the plea should be verified. In *Indiana,* the term, *non est factum,* is and has been applied to all pleas, answers, and replies that deny the execution of a written instrument constituting the foundation of the previous pleading answered by such denial, but in this State, such pleading, under our statute, has not been regarded as having the effect to put in issue the execution of any written instrument, but only its existence, unless the pleading was verified by oath, (Ind. Dig. 651; 16 Ind. 206; 6 Ind. 125,) and hence, where such pleading was not verified, no evidence touching the execution of the instrument was admissible, not being relevant to any issue. This has been held under all the statutes, varying though they have been, somewhat, in their language, because the purpose of them all has been, as has been always understood, to deprive the plea or answer of *non est factum* of the effect of putting in issue the execution of the writing, unless it was sworn to. It is so held in *Virginia,* the mother of the law, and in *Illinois, Texas* and other States that have adopted it from her.

It would have been an idle piece of legislation to have simply given it the effect of changing the burden of proof where there was no denial on oath, for the plaintiff would still have been compelled to provide himself with all his evidence, while he would have been deprived of the advantage of the open and close, in the introduction of evidence on the point. See 6 Ind. 125.

The defendant ought to know better than any body else whether he executed the note in suit or not, and if he will not deny it under oath, by a general or special *non est factum*, there is no hardship in holding the execution admitted. The general denial under oath is equivalent in code-pleading, to a verified *non est factum*, and puts in issue the execution (including the once existence) of the instrument sued on.

In the case at bar, then, it devolved upon the plaintiff, under the verified general denial, to prove the existence and execution of the written subscription on which the suit was brought. The statute, constituting the charter of turnpike corporations, does not make copies of articles of association evidence; hence, the original articles were the best evidence, but they were not introduced. Their contents, and the subscription of stock upon them by the defendant, were proved, however, by secondary evidence without objection, and to that degree that will not allow this Court to disturb the judgment.

The order of the directors for the payment of the stock had been regularly made, but it is objected that notice thereof had not been published thirty days. As it was not sought to forfeit the stock, notice of calls were not necessary. The turnpike act is similar in this particular to the railroad act. See *Heaston* v. *The Cincinnati, &c., Co.*, 16 Ind. 275.

*Per Curiam.*—The judgment is affirmed with one per cent. damages and costs.

*Mellett & Martindale*, for the appellant.

*S. T. Powell*, for the appellees.