The Indianapolis, Peru and Chicago Railway Company *v.* Summers.

————o————

28 | 521
130 | 552

# THE INDIANAPOLIS, PERU AND CHICAGO RAILWAY COMPANY *v.* SUMMERS.

PLEAS IN ABATEMENT—PRACTICE.—Section 200 of the code of 1843 (p. 706), which requires pleas in abatement to be verified by oath, is continued in force by section 802 of the code of 1852 (2 G. & H. 336).

APPEAL from the *Tipton* Common Pleas.

ELLIOTT, J.—Suit by *Summers* against the railroad com-

pany, by the name of "*The President and Directors of the Indianapolis, Peru and Chicago Railway Co.*," under the statute, for stock killed on the track of the railway by a train of the company, the road not being fenced. The suit resulted in a judgment for the plaintiff. The railway company appeals. The first step taken by the defendant was to file a plea in abatement, by which it is alleged that the "*Indianapolis, Peru and Chicago Railway Co.*," against which the plaintiff has brought his suit, by the name of "*The President and Directors of the Indianapolis, Peru and Chicago Railway Co.*," pleads in abatement that the corporate name of said company is "*Indianapolis, Peru and Chicago Railway Co.*" and that it is not, and never was, called or known by the corporate name of "*The President and Directors of the Indianapolis, Peru and Chicago Railway Co.*," wherefore the defendant prays that said writ and complaint abate. The plea is not sworn to. The court sustained a demurrer to it, which raises the only question in the case.

The code is silent as to pleas or answers in abatement; but the 34th section of the justices' act requires, in that court, that "matter in abatement must be pleaded under oath." Section 200 of the code of 1843, ch. 40, art. 8, provided that "pleas to the jurisdiction of the court, and pleas in abatement, and all dilatory pleas which do not involve the merits of the action, shall not be received by any court, unless the truth thereof shall be verified by oath or affirmation." This provision was in force at the time the present code took effect, and is in conformity with the practice in this State from its organization. It is declared by section 802 of the code of 1852, 2 G. & H. 336, that "all laws inconsistent with the provisions of this act are hereby repealed; but the repeal shall not operate to revive any former act. The laws and usages of this State relative to pleadings and practice in civil actions and proceedings, not inconsistent herewith, and as far as the same may operate in aid hereof, or to supply any omitted case, are hereby continued in force." No valid reason seems to exist why pleas in abate-

ment should be required to be sworn to when filed before a justice of the peace, that would not apply with equal force to such pleas in the Circuit and Common Pleas Courts, and we cannot suppose the legislature intended to make such a distinction. The code not containing any direct provision in reference to such pleas, it is, in our judgment, an "omitted case," within section 802, by which section 200 of the code of 1843 is continued in force. *Bradley* v. *The Bank of the State*, 20 Ind. 528; *Harrison et. al.* v. *Lockhart*, 25 Ind. 112.

The language of the section thus continued in force is, that such pleas " shall not be received," unless verified, &c. The proper practice, where the plea is filed without being verified, would be to move to reject or strike it from the record ; but as the proper result was reached in the case at bar, the case should not be reversed because of the error in the mode.

The judgment is affirmed, with costs.

*J. Green*, for appellant.

*N. R. Overman* and *G. W. Lowley*, for appellee.