## TOLEDO AGRICULTURAL WORKS *v.* WORK.

PLEADING.—*Answer in Abatement should be Verified.—Demurrer.—Objection Waived by Issue.*—An answer in abatement, not verified, is not subject to a demurrer, for the failure to verify, but may be struck out on motion ; and, if an issue be formed on such answer, the objection to it for want of verification is waived.

SAME.—*Payment.*—The averment in a plea of payment, that the defendant, before the commencement of the action, fully paid the amount then demanded by plaintiff's agent, is not equivalent to an averment that the demand sued upon was fully paid before the suit was brought ; and such an answer is bad on demurrer.

SAME.—*Can not be Double.— Counter-Claim.*—A single pleading can not perform a double function in the formation of issues in a cause.

SAME.—*Foreign Corporation.—Reply.—Patent Right.*—To an answer alleging the plaintiff to be a foreign corporation, and that it had not complied with the law of the State in respect to foreign corporations, a reply, which alleged that the article sold was constructed by authority of letters-patent issued by the United States, and that the plaintiff had a right to sell notwithstanding any law of the State, is bad on demurrer.

QUERY —Does not this case recognize *Helm* v. *First Nat'l Bank, etc.,* 43 Ind. 167, and *Grover & Baker S. M. Co.* v. *Butler,* 53 Ind. 454, as virtually overruled by *Fry* v. *The State,* 63 Ind. 552 ?

From the De Kalb Circuit Court.

*L. J. Blair* and *W. L. Penfield,* for appellant.

*R. W. McBride, J. I. Best* and *C. A. O. McClellan,* for appellee.

NIBLACK, J.—This was a suit by the Toledo Agricultural Works, against Wesley I. Work, for the value of a "Sulky Mower," delivered to him upon his written order, and estimated to be worth $190.

The sale was subject to a warranty as follows :

" Warranted, that the machine herewith ordered shall be well built, of good material, and capable of cutting, if properly managed, an acre of grass or grain per hour, with a pair of good horses," the purchaser to have the privilege of a trial of the machine.

The defendant answered in five paragraphs:

1. That he purchased the machine in DeKalb county, in this State; that the plaintiff was a foreign corporation, and had not complied with the law respecting foreign corporations, so as to authorize it to do business within the State of Indiana;

2. By way of cross complaint, admitting the purchase of the machine, and averring the payment of $70 upon it; also averring that the machine had been fairly tried, and would not work as warranted, and had been tendered back to the plaintiff, with a demand for the repayment of the $70 paid upon it; concluding with a demand for a rescission of the contract;

3 Payment;

4. In general denial; and,

5. Setting up facts, by way of answer and not of cross complaint, similar to those contained in the second paragraph, except that the manner in which the machine had been tested was not so fully described as in said second paragraph; concluding with a demand for judgment for the $70 paid on the machine, with interest.

Demurrers were filed and overruled to the first, second, third and fifth paragraphs of the answer; and the plaintiff replied in denial of those paragraphs.

The plaintiff also replied, in a second paragraph, to the first paragraph of the answer, that the machine was constructed by the authority of letters-patent issued under the laws of the United States, and that by reason thereof the plaintiff was empowered to sell such machine anywhere in the State of Indiana, notwithstanding any law of the State to the contrary.

A demurrer was sustained to this second paragraph of reply.

A trial resulted in a verdict and judgment for the defendant.

The first paragraph of answer was, in its substantial averments, an answer in abatement, and as such we do not see any objection to its sufficiency upon demurrer. *The Walter A. Wood, etc., Machine Co.* v. *Caldwell,* 54 Ind. 270. But it was not verified by the affidavit of any person and might have been struck out or rejected for that reason. *The Indianapolis, etc., R. W. Co.* v. *Summers,* 28 Ind. 521.

When, however, an issue, whether of law or fact, is formed upon an unverified answer in abatement, the objection to its want of verification is waived. *Bradley* v. *The Bank, etc.,* 20 Ind. 528; *Beeson* v. *Howard,* 44 Ind. 413.

No substantial objection has been pointed out to the second paragraph, pleaded as a counter-claim, and in our examination of it none has occurred to us.

The third paragraph of the answer was as follows:

"Defendant, for a third and further answer to complaint of plaintiff, says that, before the commencement of this action, he fully paid the amount then demanded to plaintiff's agent, Marshall Keeran, and he demands judgment."

This paragraph was not the equivalent of an averment that the demand sued upon was fully paid before this suit was commenced. The defendant might have paid all demanded of him by Keeran at a particular time, and yet not have discharged all that was sued for in this action. The demurrer to this paragraph ought to have been sustained.

It is objected that the fifth paragraph of answer did not aver, with sufficient certainty, the manner in which the machine was tested by the defendant. That objection is, we think, well taken, but whether the paragraph was on that

account bad on demurrer, or was only obnoxious to a motion to have some of its allegations made more certain, we need not now decide, as the judgment will have to be reversed for error in the ruling of the court upon the sufficiency of the third paragraph of answer, as above shown, and as the issues will probably be reformed before the cause will be again tried.

There is still another objection to this fifth paragraph which it is well to observe, and that is, it purported to be both an answer and a counter-claim. We have frequently decided that a single pleading can not be permitted to perform such a double function in the formation of issues in a cause. *McCurdle* v. *Barricklow*, 68 Ind. 356; *Schee* v. *McQuilken*, 59 Ind. 269.

The decision of the court sustaining a demurrer to the second paragraph of the reply was fully supported by the case of *Fry* v. *The State*, 63 Ind. 552. Consequently, no error intervened from that decision.

The judgment is reversed, with costs, and the cause remanded for further proceedings.