Woollen v. Whitacre.

————•••————

No. 7199.

WOOLLEN v. WHITACRE.

PROMISSORY NOTE.—*Payable in Bank.—Fraud in procuring Signature.— Innocent Holder.*—Where a note is executed payable at a bank in this State, on the false and fraudulent representations of the payee,

the maker believing it to be an instrument of a different character, such maker is liable for the amount of such note in the hands of an innocent endorsee, before maturity, and for value.

SAME.—*Pleading.*—*Answer.*—*Contract.*—A contract can not be confessed and avoided, and also denied, in the same paragraph of answer.

SAME.—*Unverified Answer in Denial.*—In an action by an endorsee on a promissory note, where proof of the matters alleged in an answer would not avoid such note in the hands of a *bona fide* holder, such answer is insufficient on demurrer; and a plea denying the execution of the note, not verified, imposes no other burden on the plaintiff than to produce and give in evidence such note.

SAME.—*Evidence.*—Under an unverified answer in denial, evidence that the note in suit is a forgery, or was not executed by the defendant, is inadmissible.

From the Huntington Circuit Court.

W. H. *Trammel* and W. W. *Woollen,* for appellant.

L. P. *Milligan* and A. *Moore,* for appellee.

WORDEN, J.—This was an action by the appellant, as the *bona fide* holder for value, by endorsement before maturity, against the appellee as the maker, of a promissory note for the sum of $400, dated February 9th, 1872, and payable six months from the date thereof, to the order of James B. Drake, at the First National Bank at Indianapolis.

The defendant answered in three paragraphs. The first was as follows:

"The defendant, Price S. Whitacre, for answer to plaintiff's complaint, says that he never executed or delivered the supposed promissory note, sued upon by plaintiff, in manner and form as sued upon in his complaint, and that it is not the note of this defendant."

The second and third paragraphs were much alike, the third being more lengthy, and setting up the supposed defence more in detail than the second, but containing no material allegations not found in the second. The third paragraph need not, therefore, be set out. The second was as follows:

"And the defendant, Whitacre, for a further answer to

plaintiff's complaint, says:    That on the 9th day of February, 1872, two persons to this affiant unknown, came to defendant, at his farm and residence thereon, four miles from the nearest town, and one of said persons represented himself to be the duly constituted agent of one J. B. Drake, to sell a certain patent right and territory therefor, for 'J. B. Drake's Horse Hay Fork and Hay Carrier;' that, then and there, such pretended agent constituted this defendant agent to sell the same for three townships in said county; that the terms of said agency were mutually agreed upon and embodied in a contract, which this defendant then and there executed and delivered to said pretended agent; that said contract of agency is in the possession of some person unknown and can not be herein set out; but that said contract was so artfully constructed, that its terms, when read properly, contained the contract as aforesaid; but affiant believes it contained a promissory note, secretly and artfully concealed therein, which note could only be constructed by mutilating, cutting and trimming and severing said note out of said contract; that, when such contract was entire, it was executed by this defendant; but, after it was so executed and delivered in such form, it was mutilated, changed, altered, severed and otherwise trimmed into the note sued upon in plaintiff's complaint, all of which mutilation was done without the knowledge, consent, connivance or instance and request of this defendant.   Wherefore defendant says that such pretended note is not his act and note, and was never executed by him as such, in manner and form as sued upon.

"Wherefore defendant asks judgment for costs and all proper relief."

The second paragraph only was verified.

The plaintiff demurred to the first, second and third paragraphs respectively; but the demurrers were overruled, and the plaintiff excepted, and such further proceedings were

had as that judgment was rendered for the defendant. Error is assigned upon the ruling on the demurrers.

Neither the second nor third paragraph of answer controverts the execution of the note. They are not answers of denial, but of confession and avoidance. They do not put in issue the execution of the note, but set up new matter intended to show that it is invalid. The second paragraph, after setting up the new matter, concludes that, "Wherefore defendant says that said pretended note is not his act and note, and was never executed by him *as such*, in manner and form as sued upon." The meaning of which is, that by reason of the new matter thus set up, which does not deny the execution of the note, but seeks to avoid it, it is not the defendant's note, not being executed by him as such. This can not be construed as a denial by the defendant of the execution of the note. A contract can not be confessed and avoided, and also denied, in the same paragraph of answer. *Cronk* v. *Cole*, 10 Ind. 485 ; *Kimble* v. *Christie*, 55 Ind. 140. We do not think the defendant could be convicted of perjury, this paragraph being verified, by proof that he executed the note. This would furnish a fair test of the construction of the pleading.

The second and third paragraphs not putting in issue the execution of the note, it remains to inquire whether they set up facts sufficient to avoid it in the hands of an innocent holder. That they do not is settled by many cases decided by this court, wherein like questions have been involved.

Questions have been so often decided by this court as to the rights of *bona fide* endorsees of commercial paper, executed under circumstances similar to those set up in the paragraphs in question, that we deem it unnecessary here to enter upon any further discussion of the subject. We refer, however, to some of the cases upon the point : *Nebeker* v. *Cutsinger*, 48 Ind. 436 ; *Kimble* v. *Christie, supra; Cor-*

nell v. Nebeker, 58 Ind. 425; Ruddell v. Fhalor, 72 Ind. 533, and cases there cited.

The court erred in overruling the demurrer to the second and third paragraphs of answer. We can, by no means, say that the error was harmless. Proof of the matters alleged in the paragraphs would not avoid the note in the hands of a bona fide holder; and, while the first paragraph may be good as a pleading denying the execution of the note, yet, as it was not verified, it could impose no other burden upon the plaintiff than to produce and give in evidence the note. Under the unverified paragraph in denial, the defendant could not give evidence that the note was a forgery, or was not executed by him. 2 R. S. 1876, p. 75, sec. 80; Unthank v. The Henry County Turnpike Co., 6 Ind. 125; Hunt v. Raymond, 11 Ind. 215; Denny v. The North Western Christian University, 16 Ind. 220; Evans v. The Southern Turnpike Co., 18 Ind. 101; Coen v. Funk, 18 Ind. 345. There are, doubtless, other cases to the same effect scattered through our reports, but it is unnecessary to make any further collection of them here.

The judgment below is reversed, with costs, and the cause remanded with instructions to the court below to sustain the demurrers to the second and third paragraphs of answer.