Ralston *v.* Moore.

Filed Jan. 28, 1886.

---

No. 12,389.

RALSTON *v.* MOORE.

PARTNERSHIP.—*Action against Surviving Partner.—Decedents' Estates.*—Upon the death of one of two joint debtors, the creditor has a right to collect his claim, at law, from the survivor, or, at his option, proceed un-

der the statute in regard to the settlement of decedents' estates, against the estate of the deceased.

SAME.  *Plea in Abatement.—Jurisdiction.—Promissory Note.*—To a suit on a promissory note executed by a partnership in the firm name, against the surviving partner, a plea in abatement is insufficient which alleges that the defendant and one R., as partners, executed the note in suit; that afterward the defendant withdrew from the firm, leaving in R.'s hands ample means to pay all the firm debts, including the note; that afterwards R. died, and the administration of his estate is still pending; that there are ample means belonging to the estate to pay the debts, including the note, which has never been presented to the administrator or filed against the estate, and that the administrator has not been made a party to the suit, wherefore the court has no jurisdiction.

PRACTICE.—*Pleading.—Non est Factum.—Harmless Error.*—It is a harmless error to sustain a demurrer to an unverified answer of *non est factum*, where the general denial, pleaded with it, remains.

EVIDENCE.—*Exclusion of.—Practice.*—Where no question was asked a witness, nor anything else done in that connection, except to propose to the court to prove certain recited facts, no question is presented in regard to the exclusion of his testimony.

From the Marion Superior Court.

*I. Klingensmith* and *W. P. Adkinson*, for appellant.

*P. W. Bartholomew*, for appellee.

MITCHELL, J.—This was a suit on a joint and several promissory note, dated January 13th, 1875, payable to Isaac Moore, due one day after date, and signed " J. & D. A. Ralston." The action was originally brought against David A. Ralston and J. Ralston. Before the issues were completed it was dismissed as to the latter.

David A. Ralston pleaded in abatement, in effect that during the years 1872 and 1873 he and one John Ralston were partners, under the firm name of " J. & D. A. Ralston," and that the note was given by them jointly; that afterwards the defendant withdrew from the firm, leaving in the hands of John Ralston, the continuing member of the late firm, ample means to pay all the partnership debts, including the note sued on, and that the consideration of the note was received principally by John Ralston, who, it is averred, died in Owen county on the 21st day of April, 1882. The answer alleges

that the administration of the estate of John Ralston, deceased, is still pending in Owen county, and that there are ample means belonging to the estate with which to pay all the debts, including the note, which it is averred has never been presented to the administrator or filed against the estate. Because this has not been done, and for the reason that the administrator is not made a party, it is alleged, the superior court has no jurisdiction, and the prayer is that the action may abate.

A demurrer was sustained to this plea, and it is now claimed that by force of the statute regulating the manner of enforcing claims against executors and administrators, this ruling was erroneous.

The statute referred to, section 2311, R. S. 1881, provides, in effect, that no action shall be brought by complaint and summons against any executor or administrator, upon any contract, etc., but the holder of such contract shall enforce it against the estate only by filing his claim in the manner provided in the preceding section.

It is also claimed by counsel that section 2312, R. S. 1881, exerts some influence favorable to his view. This section enacts that every contract executed jointly by a decedent, with any other person, shall be deemed joint and several, for the purposes contemplated in the section above referred to, and the amount due on such contract shall be allowed against the estate of the decedent, as if the contract were joint and several.

If this suit had been against the personal representative of the deceased partner, and the plea in abatement had been filed on his behalf, the application of the statutes referred to might be apparent. As, however, the action was against the survivor, we think the statutes relied on have no application whatever to the case.

Upon the death of one of two joint debtors, the creditor has a right to collect his claim at law from the survivor, or, at his option, proceed as the statute points out, against the estate of the deceased. *Kimball* v. *Whitney*, 15 Ind. 280.

That assets of the firm, sufficient to pay the debts, were left in the hands of the deceased partner at the time the partnership was dissolved, was immaterial. The defendant remained liable until the debt was paid. The plea in abatement was clearly insufficient.

After the demurrer to the plea in abatement was sustained, the defendant filed an answer in four paragraphs, the first of which was a general denial, and the second an unverified plea of *non est factum.* Sustaining a demurrer to the second plea is complained of as error.

While it is true, as counsel contend, the defect, that a plea of *non est factum* is not verified, can not be reached by demurrer, yet, as such a plea without verification is the equivalent of the general denial, and nothing more, and as the general denial and the plea purporting to be an answer of *non est factum* were pleaded together, it was a harmless error to sustain a demurrer to the one while the other, under which exactly the same evidence was admissible, remained. *Wade* v. *Mussleman,* 14 Ind. 362; *Hill* v. *Jones,* 14 Ind. 389; *McNeer* v. *Dipboy,* 14 Ind. 18; *Newby* v. *Rogers,* 54 Ind. 193; *Unthank* v. *Henry County T. P. Co.,* 6 Ind. 125; 1 Works Pr., section 635; *Fuller* v. *Wright,* 59 Ind. 333; 1 Works Pr., section 537.

We are reminded that it was said by this court in *Boots* v. *Canine,* 94 Ind. 408, that pleadings not sworn to shall have the same effect as pleadings sworn to. That is true as applied to the subject there under discussion, and perhaps under all other circumstances except where the execution of a written instrument is denied. *Hunter* v. *Probst,* 47 Ind. 359; *Bradley* v. *Bank, etc.,* 20 Ind. 528.

Substantially the same facts were pleaded in bar of the action in the third paragraph of answer as those set up in the plea in abatement, which have already been considered. For the reasons suggested in that connection, the demurrer to the third answer was properly sustained. The case of *Warren* v.

*Farmer,* 100 Ind. 593, is in no sense applicable to the facts presented by the answer.

The only other error which has not been impliedly waived relates to the ruling of the court in excluding certain evidence.

A bill of exceptions recites that the defendant proposed to prove by a witness, whose name is given, substantially the facts which were pleaded in the third paragraph of answer, to which the court had, as we have seen, properly sustained a demurrer. The evidence was in itself incompetent. Moreover, as no question was asked the witness, or anything else done in that connection, except to propose to the court to prove certain recited facts, no question is presented. *Higham* v. *Vanosdol,* 101 Ind. 160, and cases cited.

The judgment is affirmed, with costs.

Filed Jan. 28, 1886.