## CINCINNATI BARBED WIRE FENCE COMPANY *v.* CHENOWETH ET AL.

[No. 2,818. Filed June 27, 1899. Rehearing denied Oct. 4, 1899.]

PLEADING.—*Answer.—Non Est Factum.—Bills and Notes.*—An unverified plea of *non est factum* in answer to a complaint on a promissory note amounts to no more than a general denial, and does not put in issue the execution of the note. *Wickhizer* v. *Bolin, ante,* 1, in so far as the same is in conflict herewith, is overruled. *p. 687.*

SAME.—*Answer.—Non Est Factum.—Verification.—Bills and Notes.—Waiver.*—The failure of plaintiff in an action on a promissory note to move to reject an unverified plea denying the execution of the note sued on does not amount to a waiver of the verification thereof. *Wickhizer* v. *Bolin, ante,* 1, in so far as the same is in conflict herewith, is overruled. *pp. 687-696.*

SAME.—*Answer.—Non Est Factum.—Verification.—Waiver.—Bills and Notes.—*The failure of defendant, in an action on a promissory note, to deny under oath the execution of the note sued on, not only amounts to a waiver of proof of such execution on the part of plaintiff, but precludes further controversy on that point. *pp. 687-696.*

SPECIAL FINDING.—*Facts not within Issues.—Conclusions of Law.*—A finding of fact not within the issues presented by the pleadings cannot form the basis for a conclusion of law. *p. 696.*

From the Marion Circuit Court. *Reversed.*

*John B. Sherwood,* for appellant.

*John F. Carson* and *Charles N. Thompson,* for appellees.

ROBINSON, J.—Appellant brought suit on the following instrument:

"$762.50          Indianapolis, Ind., Nov. 3, 1891.

Ninety days after date pay to the order of The United States Steel Company seven hundred sixty-two and 50-100 dollars, value received and charge the same to account of

"The United States Steel Company,

"Daniel A. Chenoweth.

"To David C. Bryan, Bryan's Block, Indianapolis."

Indorsed on the back: "David C. Bryan." "The United

States Steel Company, by Daniel A. Chenoweth." "Cincinnati Barbed Wire Fence Company, by James Lamon, Pr't."

The complaint avers the execution of the draft by Chenoweth individually, its acceptance by Bryan, and that it is due and unpaid.

Appellee Chenoweth answered in four paragraphs. First, general denial; third, payment; and, second and fourth, special matter of defense. The court found the facts specially, and stated conclusions of law in appellees' favor, and gave judgment against appellant for costs.

The second paragraph of answer alleged that Bryan was president and appellee Chenoweth treasurer of the United States Steel Company, a corporation; that on November 3, 1891, the company being indebted to appellant for goods purchased by it from appellant, the company, by Chenoweth, as treasurer, made its draft for $762.50 on Bryan, payable ninety days after date to the order of the steel company; that Bryan accepted the draft, and delivered it to the steel company which company indorsed it to appellant in payment for the goods so purchased; that the draft was signed by the United States Steel Company and Chenoweth as its treasurer, he writing an abbreviation for the word "Treasurer" after his name, in accordance with the custom of the steel company, that being its usual and habitual manner of signing its negotiable instruments; that appellant accepted the draft so indorsed; that the drawee and indorsee of the draft knew at the time that Chenoweth had signed the draft as an officer of the steel company, and in no other capacity; that after the indorsement of the draft to appellant, and after it had passed from the possession and control of the steel company and its officers to the possession of appellant, the draft was altered, without Chenoweth's knowledge, by cutting from the end thereof the letters containing an abbreviation of the word "Treasurer" after the name of Chenoweth on the face of the draft, thereby causing it to appear to be drawn by Chenoweth as an individual, when in fact it was

signed by him as an officer of the steel company, and with the purpose of binding the company, and without any intention of creating any personal liability in his individual capacity, as was well known to appellant; that the draft sued on is the draft so altered. All the allegations of the fourth paragraph of answer of Chenoweth are contained in the second paragraph. Neither of the four paragraphs of answer was verified.

It is argued by counsel that the court erred in its conclusions of law upon the special findings of facts, in overruling appellant's motion for judgment on the special finding, and in overruling the motion for a new trial. The basis of the motion for a new trial is that the decision of the court is contrary to law, and that the court erred in admitting in evidence all testimony of appellees in support of the unverified special answer of Chenoweth, and in overruling the motion of appellant to strike out certain testimony.

The second and fourth paragraphs of answer deny the execution of the draft as averred in the complaint, and, as they are not verified they amount to no more than the general denial. It has been held that such a plea, without verification, is the equivalent of the general denial, and nothing more, and that, when such a plea and the general denial are pleaded together, it was harmless error to sustain a demurrer to the former, while the latter, under which exactly the same evidence was admissible, remained. *Ralston* v. *Moore*, 105 Ind. 243; *McNeer* v. *Dipboy*, 14 Ind. 18; *Wade* v. *Musselman*, 14 Ind. 362; *Hill* v. *Jones*, 14 Ind. 389. It is true, it is said in *Boots* v. *Canine*, 94 Ind. 408, that pleadings not sworn to shall have the same effect as pleadings sworn to. But in a later case it is said that that doctrine was true, applied to that case, and perhaps under all other circumstances, except where the execution of a written instrument is denied. *Ralston* v. *Moore, supra.*

It is argued by counsel for appellees that the failure of appellant to move to reject these unverified pleas waived the

verification, and that by reason of such waiver the issue of *non est factum* was raised as fully as it would have been had the answers been verified. The argument of counsel that a failure to move to reject an unverified plea waives the verification is correct, as applied to complaints, pleas to the jurisdiction, pleas in abatement, and all dilatory pleas. The proper practice in all such cases is to move to reject the pleading, and if the party goes to trial without objection, the verification is waived. The authorities cited by counsel all refer to such pleadings, and not to pleas of *non est factum*. Thus in *State, ex rel.,* v. *Ruhlman,* 111 Ind. 17, the court was considering a plea in abatement; in *Toledo, etc., Works* v. *Work,* 70 Ind. 253, a plea in abatement; in *Indianapolis, etc., R. Co.* v. *Summers,* 28 Ind. 521, a plea in abatement; in *Beeson* v. *Howard,* 44 Ind. 413, a plea in abatement; in *Vail* v. *Rinehart,* 105 Ind. 6, a plea in abatement; in *Pudney* v. *Burkhart,* 62 Ind. 179, a petition for a writ of mandate; *Sutherland* v. *Hankins,* 56 Ind. 343, complaint to contest a will; in *Decker* v. *Gilbert,* 80 Ind. 107, a complaint to enforce a judgment; *Buchanan* v. *Logansport, etc., R. Co.,* 71 Ind. 265, a plea in abatement; *Turner* v. *Cook,* 36 Ind. 129, a complaint to contest a will; in *Dawson* v. *Vaughan,* 42 Ind. 395, a plea in abatement; in *Lange* v. *Dammier,* 119 Ind. 567, a complaint to contest a will. The statutes of this State, as will be seen further along, formerly made no distinction between pleas in abatement and pleas of *non est factum*. As long as both were included in the same section of the statute, they were governed by the same rules. But counsel have cited us to no authority, and we know of none, where the same rule has been held to apply to the two classes of pleadings since the legislature distinguished between the two.

In the case of *Hagar* v. *Mounts,* 3 Blackf. 57, the court said: "Where the parties go to trial on the general issue without its being sworn to, the defendant is presumed to rely on some other defense than a denial of the note. But no such presumption can exist, in the case of a special plea denying

Cincinnati, etc., Co. *v.* Chenoweth.

the execution of the note. The plaintiff need not go to trial on the special plea unless it be sworn to, but if he does, the same proof will be admissible as if the affidavit had been made. Considering the pleas in this case, therefore, as regularly before the court, the evidence in their support, if it tended to show a valid defense, should not have been rejected." See also *McCormick* v. *Maxwell*, 4 Blackf. 168. This was the common law rule—that a plea of *non est factum*, not under oath, put in issue, and compelled the plaintiff to prove, the execution of the instrument sued on. *Evans* v. *Southern, etc., Co.*, 18 Ind. 101.

The case of *Hagar* v. *Mounts*, 3 Blackf. 57, was decided under section 21 of the practice act of 1824, which provided, "No plea in abatement, plea of *non est factum*, non-assignment, nor any other plea, replication or other pleadings denying or requiring proof of the execution, or assignment of any bond, bill, release or other instrument of writing, which is the foundation of any suit, or defense, and is specially set forth in the declaration, plea, or other pleadings, shall be received, unless supported by oath or affirmation.". R. S. 1824, p. 292. The above section was continued in the Revised Statutes of 1831 and 1838. R. S. 1831 p. 403; R. S. 1838 p. 449. These statutes did not change the common law rule as to pleas of *non est factum*, and the provision was that such a plea should *not be received* unless supported by oath or affirmation. All such pleadings were put in the same class, and the object of verification was to prevent the filing of a pleading for the mere purpose of delay. But in the code of 1843 the statute was divided, as follows:

"Sec. 200. Pleas to the jurisdiction of the court, and pleas in abatement, and all dilatory pleas which do not involve the merits of the action, shall not be received by any court, unless the truth thereof be verified by oath or affirmation."

"Sec. 216. The plea of *non est factum*, non-assignment, or any other plea, replication, or other pleading, denying or re-

quiring proof of the execution or assignment of any bond, bill, release or other instrument in writing, which is the foundation of any suit or defense, and which is specially set forth as such in the declaration, plea, or other pleadings, shall not impose the necessity of such proof, unless verified by oath or affirmation." R. S. 1843, pp. 706, 711.

Section 216, *supra*, is found in the code of 1852. 2 R. S. 1852, section 80, p. 44. And section 200, *supra*, was continued in force by section 802 of the code of 1852. 2 R. S. 1852, p. 224. *Indianapolis, etc., R. Co.* v. *Summers*, 28 Ind. 521. The legislature thus distinguished between pleas required to be verified to show good faith on the part of the pleader, and pleas required to be verified for the special purpose of raising an issue. Accordingly we find the Supreme Court, in 1855, in the case of *Unthank* v. *Henry County, etc., Co.*, 6 Ind. 125, held, that: "When the execution of a written instrument referred to in the pleadings, is called in question, it must be denied either by affidavit before trial, or by a pleading under oath. * * * If it is a forgery, and he fails to deny its execution in one or the other of the statutory modes, he not only waives proof of such execution on the part of the plaintiff, but precludes himself from addressing any evidence to that point. And the reason is obvious. For otherwise the parties would not meet on equal terms. The plaintiff would be taken by surprise. Nothing in the record would indicate that the execution of the instrument was to be contested; and the attack on a vital part of his case would have to be met without notice or preparation." See also *Moorman* v. *Barton*, 16 Ind. 206; *Denny* v. *University*, 16 Ind. 220; *Pursley* v. *Morrison*, 7 Ind. 356, 63 Am. Dec. 424; *Hunt* v. *Raymond*, 11 Ind. 215.

And in *Evans* v. *Southern, etc., Co.*, 18 Ind. 101, it is said: "In Indiana, the term, *non est factum*, is and has been applied to all pleas, answers, and replies that deny the execution of a written instrument constituting the foundation of the previous pleading answered by such denial, but in this

State, such pleading, under our statute, has not been regarded as having the effect to put in issue the execution of any written instrument, but only its existence, unless the pleading was verified by oath, (16 Ind. 206; 6 Ind. 125), and hence, where such pleading was not verified, no evidence touching the execution of the instrument was admissible, not being relevant to any issue. This has been held under all the statutes, varying though they have been, somewhat, in their language, because the purpose of them all has been, as has been always understood, to deprive the plea or answer of *non est factum* of the effect of putting in issue the execution of the writing, unless it was sworn to.  \*  \*  \* It would have been an idle piece of legislation to have simply given it the effect of changing the burden of proof where there was no denial on oath, for the plaintiff would still have been compelled to provide himself with all his evidence, while he would have been deprived of the advantage of the open and close, in the introduction of evidence on the point."

In *Bradley* v. *Bank*, 20 Ind. 528, the court had under consideration an unverified plea in abatement. After quoting section 21 of the code of 1824, the court said: "Under this section, prohibiting the reception of pleas not sworn to, it is judicially settled that if the plaintiff permits the plea or answer to be received and a trial to be had upon it without objection, the trial is regular, and settles everything that could have been settled if the plea had been sworn to. In short, that such a plea or answer, so received, makes a valid issue. *Hagar* v. *Mounts*, 3 Blackf. 57; *McCormick* v. *Maxwell*, 4 Blackf. 168. In the code of 1843, the above quoted section was, for the first time, in our State, divided, and a different rule prescribed for pleas of *non est factum*, while the old rule was left, exactly, as to pleas in abatement, etc. We quote the code." After quoting section 200 and section 216 of the code of 1843, as set out in another part of this opinion, the court continues: "This section 216 is brought forward in the code of 1852, and an answer under it has not

the effect of putting in issue the execution of a written instrument unless the answer be verified. *Evans* v. *Southern, etc., Co.,* 18 Ind. 101."

And this distinction between pleas to the jurisdiction, in abatement, and all dilatory pleas, and pleas of *non est factum,* has been recognized by the legislature and courts from the time of the division of section 21 of the code of 1824 to the present time. The former are contained in section 365 R. S. 1881, section 368 Burns 1894, section 365 Horner 1897; and the latter in section 364 R. S. 1881, section 367 Burns 1894, section 364 Horner 1897; which latter section provides that, "where a pleading is founded on a written instrument, or such instrument is therein referred to; or when an assignment, in writing, of such instrument is specially alleged in a pleading, such instrument or assignment may be read in evidence on the trial of the cause without proving its execution, unless its execution be denied by pleading under oath, or by an affidavit filed with the pleading denying the execution."

In *Woollen* v. *Whitacre,* 73 Ind. 198, suit was brought on a note. Three paragraphs of answer were filed, the second and third of which were confession and avoidance, and the first, denying the execution of the note, but not verified. The court said: "While the first paragraph may be good as a pleading denying the execution of the note, yet, as it was not verified, it could impose no other burden upon the plaintiff than to produce and give in evidence the note. Under the unverified paragraph in denial, the defendant could not give evidence that the note was a forgery, or was not executed by him." Citing *Unthank* v. *Henry County, etc., Co.,* 6 Ind. 125; *Hunt* v. *Raymond,* 11 Ind. 215; *Denny* v. *University,* 16 Ind. 220; *Evans* v. *Southern, etc., Co.,* 18 Ind. 101.

In *Feeney* v. *Mazelin,* 87 Ind. 226, it is held that a joint answer by two defendants, alleging a material alteration of a note sued on, which is verified by the affidavit of only one

of them, is sufficient to put the plaintiff upon proof of the execution of the note by the one thus verifying the answer, but as to the other the plaintiff need only produce the note in evidence.

In *Swales* v. *Grubbs*, 126 Ind. 106, suit was brought against heirs on a promissory note executed by the decedent. One of the defendants pleaded *non est factum*. It was held that as the parties to the action were not the parties to the instrument, a verification of the plea by one of the defendants put in issue the execution of the note as to all. The court in the opinion expressly recognizes the doctrine of *Feeney* v. *Mazelin, supra;* and says: "Where an instrument is the foundation of, or is referred to in a pleading in an action against parties other than those who are alleged to be parties to it, a joint answer by all or any number of defendants, denying its execution, verified by the oath of any one of the defendants, puts the plaintiff upon proof of the execution of the instrument as against all those who join in the answer. Indeed, we can see no substantial reason for requiring all of a number of joint makers of an instrument, who join in a plea of *non est factum*, to verify the plea. But we decide nothing upon that subject now. The decisions of this court seem to require that all of those who are parties to an instrument, which is the foundation of a pleading, should verify a plea denying the execution of the instrument in order to require proof of its execution. We are not willing to extend this rule to heirs or other persons not parties to the instrument." See also *Carver* v. *Carver*, 97 Ind. 497; *Belton* v. *Smith*, 45 Ind. 291.

In *Phoenix Ins. Co.* v. *Rowe*, 117 Ind. 202, suit was brought on a fire insurance policy; answer of general denial and pleas in confession and avoidance. There was no answer putting the execution of the policy in issue. The court said: "A failure to deny the execution of an instrument, which is properly set out as the foundation of the action, by a pleading under oath, has been held to be so far an admission

of its execution as to preclude further controversy on that subject. 'The defendant ought to know better than anybody else whether he executed the note in suit or not, and if he will not deny it under oath, by a general or special *non est factum*, there is no hardship in holding the execution admitted.' *Evans* v. *Southern, etc., Co.*, 18 Ind. 101."

In *Pudney* v. *Burkhart*, 62 Ind. 179, a petition for a mandate was not verified. The case would not fall within that provision of the code providing for a *non est factum*, nor did it technically fall within the rule concerning pleas in abatement, to the jurisdiction, and dilatory pleas, but the same reasoning applies as to a plea in abatement; and it was held in that case that the acceptance of such a petition, unverified, without objection for that reason, and taking issue of law or fact upon it, the objection will be considered waived. This case does not purport to change in any way the rule declared in earlier cases as to pleas of *non est factum*.

The case of *Hagar* v. *Mounts*, 3 Blackf. 57, was recognized as the law prior to the division of the section of the statute under which the decision was made, and the rule therein declared is still applicable to all such pleas, except pleas of *non est factum* and non-assignment. But, as we have seen, after the division of that section a different rule was declared as to pleas of *non est factum*, beginning with the case of *Unthank* v. *Henry County, etc., Co.*, 6 Ind. 125, expressly recognized in *Bradley* v. *Bank*, 20 Ind. 528, and followed in numerous cases down as recently as 1890. None of these cases has ever been overruled or criticised, and it must be held that the rule is now well established that the failure of a defendant to deny under oath the execution of the instrument sued on, not only waives proof of such execution on the part of the plaintiff, but precludes further controversy on that point. The reason for such a rule, briefly stated, is that a failure to deny the execution under oath admits the instrument sued on to be genuine, and a party will not be heard to admit and to deny the execution of the same

instrument under the same pleading.   And the reasoning
which supports the rule that a failure to object to the want of
verification of a complaint or plea in abatement waives such
verification cannot apply to pleas of *non est factum,* because,
whether a party requires a complaint or plea in abatement
to be verified, or goes to trial without such verification, the
issues remain the same, while the verification of the plea of
*non est factum* raises an entirely new issue in the case.   The
statute itself provides that the party may read the instrument
in evidence without proving its execution, unless denied
under oath; and, if the execution may be denied by a plead-
ing not under oath, the plaintiff is then compelled to do
precisely what the statute says he shall not be required
to do.   In the case of *Allen* v. *Studebaker Bros. Mfg. Co.,*
152 Ind. 406, an answer which in effect denied the execu-
tion of a deed was not verified by affidavit.   It is held in that
case that, as the answer was not verified, it could for that
reason have been struck out on motion, and that it was im-
material whether the objection to the answer should have
been taken by motion or demurrer, for the reason that even
if the wrong mode was adopted, as the correct result was
reached, the error, if any, was harmless.   That opinion
further holds that the demurrer was properly sustained, even
if section 367 Burns 1894 was not in force.   In that case
the question was not before the court that is involved in the
case at bar.   No different rule is declared in that case from
that in the cases which we have cited.   In the Allen case,
what issue, if any, is presented by an unverified *non est
factum,* was not before the court, and nothing is said upon
that point.   The cases we have cited were not in any way
referred to in that opinion, no different doctrine was de-
clared, and we cannot presume that it was the intention to
overrule them.

Counsel for appellee have cited the case of *Wickhizer* v.
*Bolin, ante* 1, in which it was held that a plaintiff who,
without objection, goes to trial upon a joint answer denying

the execution of the note sued on, which answer is verified by only one of the defendants, waives the verification by. the other.   It is perhaps true, as contended by counsel for appellant, and in view of the authorities cited in the opinion, that the proper distinction is not made in that case between pleas to the jurisdiction, in abatement, and dilatory pleas, and pleas of *non est factum*.   In so far as that case holds that an unverified *non est factum*, not objected to, puts in issue the execution of the instrument sued on, and that a failure before trial to object to such a plea waives verification, we are of the opinion that it is contrary to the rule laid down by the Supreme Court.

Appellant excepted to the conclusions of law.   Upon the facts as found the conclusions of law are right.   But the finding in appellees' favor rests exclusively upon evidence showing the non-execution by appellee of the note sued on. As no issue of that kind was presented, and as the pleadings filed admit the execution of the draft as sued on, it follows that the finding is outside of the issues presented by the pleadings.   A fact found not within the issues is surplusage, and if a finding embraces facts, not proper or competent to be considered, or which could be established only by considering incompetent evidence, such portion of the finding should be disregarded and cannot form a basis for a conclusion of law.   See *Burton* v. *Morrow*, 133 Ind. 221; *Knox* v. *Trafalet*, 94 Ind. 346.   As the finding is not within the issues presented by the pleadings, and is not supported by legal evidence, it is contrary to law, and appellant's motion for a new trial upon that ground should have been sustained.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, with leave to parties to amend pleadings if requested.