## GASKILL *v.* ALDRICH.

EXECUTION.—*Form.*—A paper issued by a justice of the peace to a constable, reciting the rendition of a judgment, as appears of record on his docket, and adding the words " by levy and sale of the goods" of defendant, "and make return thereof within six months from date," without other words of command or direction, will not justify a levy by the constable.

SAME.—*Sale.*—*Constable.*—Personal property must be present and subject to the view of those attending a constable's sale. And the sale, in good faith, by a constable, of a hog, in a pen from one to two hundred rods from the place of sale, and entirely out of sight, is unauthorized.

APPEAL from the DeKalb Circuit Court.

OSBORN, J.—The questions in this case are, first, whether a paper, issued by a justice of the peace to a constable, merely reciting the rendition of a judgment, as appears of record on his docket, with the addition of the words "by levy and sale of the goods" of the judgment defendant, "and make return thereof within six months from date," without any other words of command or direction to the constable, will justify him in levying upon and taking the goods of the judgment defendant. We answer that it will not. 2 G. &. H. 601, sec. 77; same, p. 612, form No. 4.

Second. Whether a constable can sell goods taken on execution, unless the same are present and subject to the view of those attending the sale. We hold that he cannot. 2 G. & H. 250, sec. 469. The language of the statute is as follows: " Personal property shall not be sold unless the same shall be present and subject to the view of those attending the sale." Property over one hundred rods from, and not in sight of, the place of sale, and not exhibited for sale by the constable, is not present and subject to view, as required by the statute.

We do not mean to hold that if the property had been present and subject to view, or if the constable had taken the persons present to the property and shown it to them, and the circumstances or condition of the property were such that it was not possible or prudent to have it all directly before and in sight of them at the moment of sale, it

would be unauthorized. We do hold, however, that the sale of a hog in a pen from one to two hundred rods from, and entirely out of sight of, the place of sale, as was done in this case, was not authorized. And the fact that the constable, in making the sale, did it honestly, and without any purpose of committing a fraud, will not aid the sale.

The judgment of the said DeKalb Circuit Court is reversed, and the cause remanded, with directions to grant a new trial, and for further proceedings in accordance with this opinion.

*J. H. Baker* and *J. A. S. Mitchell*, for appellant.