No. 6285.

## MURPHY ET AL. v. HILL.

EXECUTION.—*Levy by Direction of Defendant.*—Where an execution defendant directs that the execution be levied upon certain property designated by him, he can not complain that the officer made the levy thereon.

SAME.—*Sheriff's Sale.*—*Property Must be in View.*—The failure of a sheriff to sell personal property at the place designated in the notice of sale is such an irregularity as will enable the execution defendant to have the sale annulled; the fact that the property was not present at the place of sale is, of itself, sufficient to invalidate the sale.

SAME.—*Consent to Levy and Sale.*—If an execution debtor directs a sheriff to levy upon and sell certain property, it can not be inferred that he consented to a sale in violation of law.

PLEADING.—*Conclusion.*—A mere conclusion can not control the effect of the facts pleaded.

From the Blackford Circuit Court.

*A. Steele, R. T. St. John* and *G. W. Harvey,* for appellants.

*J. L. Custer,* for appellee.

ELLIOTT, C. J.—Appellee instituted this action to set aside a sale of personal property made by the sheriff of Grant county. The complaint contains two paragraphs. The first paragraph alleges that an execution was issued upon a judgment obtained against appellee by Johnson, one of the appellants; that it was levied by Baldwin, the sheriff, another of the appellants, upon eighty thousand bricks belonging to the appellee; that no sale was made upon this execution; that, to quote the language of the complaint, "a second execution was issued in lieu of the execution expired, and that said second execution was at no time served on the plaintiff;" that sale was made on the second execution, and the property purchased by the appellant Murphy. It is charged that there was no levy of the second execution; that the levy of the first was released in consideration of appellee's agreement to sell the bricks and apply the avails of the

sale to the payment of the judgment; that the sale was not made at the place named in the notices posted by the sheriff; that the property was sold at a price much less than its true and reasonable value; that the appellee desired to bid, but the sheriff refused to receive any bid from him, unless he would produce the money; that no memorandum of the sale was made, and that nothing was paid by the purchaser.

The second paragraph is very similar to the first. It, however, alleges that the judgment was against appellee and one Haisley jointly; that Haisley resided in the county in which the execution issued; that no demand for property was ever made upon him; that the sale was made at 10 o'clock on the day named in the notices; that the notices posted by the sheriff stated that the sale would be made at the residence of one Eli Haisley; that it was not made at that place, but at a place one-eighth of a mile distant therefrom, and that the bricks were not at the place where the sale was made.

To this complaint the appellants made answer, substantially, as follows: . That Haisley was the surety, and appellee the principal in said judgment; that appellee informed the sheriff, prior to the levy of the execution, that the agreement between him and the said Haisley was that he, the appellee, should pay said judgment; that Haisley so informed the sheriff; that, before the execution was levied, the judgment plaintiff directed the levy to be made on the property in controversy; that appellee was then a resident of the county of Wabash, and thence continued to be a resident of said county; that Hill was not at any time within the limits of the county of Grant; that, ten days before the levy upon the bricks, the sheriff, to quote from the answer, "informed Hill that an execution (of which the last execution was an alias execution had been levied) would expire in a very short time, and that said Hill then requested of him, the said sheriff, that he would levy on said brick the new execution,

and that he desired the lien of the execution then in force continued, and that it was at the special instance and request of the said Hill that the brick were so levied upon and sold."

The answer professes to state a defence to the entire complaint. This profession must be made good or the answer falls. This is the effect of the familiar rule, that an answer professing to answer an entire complaint, and answering only a part, is bad on demurrer. We think the answer fully responds to so much of the complaint as undertakes to charge that there was an irregularity in the issuing and levy of the second execution. This is so because it distinctly averred that the second execution was levied at the request of the appellee. One who directs that an execution shall be levied upon property designated by him, can not complain of the officer who obeys his directions. The case is fully within the doctrine expressed in the old maxim, *volenti non fit injuria.*

The only question of difficulty is, does the answer meet the allegations of the complaint charging the irregularities in conducting the sale. There are at least two material irregularities charged, and those are, that the sale was not made at the place named in the notices posted by the sheriff and not at the place where the personal property was situated. We need not stop to consider whether any of the other acts which the complaint charges as irregularities are, or are not, of such materiality as will avoid the sale. The failure of the sheriff to sell at the place designated in the notice was such an irregularity as would enable the appellee to have the sale annulled. The fact that the property was not present at the place of sale was of itself sufficient to invalidate the sale. The statute expressly requires that personal property shall not be sold unless it is present and subject to the view of those who attend the sale. 2 R. S. 1876, p. 218, sec. 469; *Gaskill* v. *Aldrich*, 41 Ind. 338. This was the rule at common law. Freeman Executions, sec. 290.

Does the answer avoid this allegation of the complaint?

It is confessed, not denied. The conclusion of the answer is, "and that it was at the special instance and request of said Hill that said brick were levied upon and sold;" but this conclusion is not warranted by the facts stated. It is a conclusion without a premise. The answer avers that the appellee informed the sheriff that he desired the lien continued, and that he directed the levy to be made. It does not aver that the appellee desired or directed a sale. The facts stated as the foundation of the conclusion do not support it. The strongest conclusion that can be reasonably drawn from the facts stated is, that the appellee directed the levy to be made. A mere conclusion can not control the effect of the facts pleaded. *Neidefer* v. *Chastain*, 71 Ind. 363; *Woollen* v. *Whitacre*, 73 Ind. 198. But if it were granted that the answer does sufficiently allege that the appellee directed a sale to be made, it can not be inferred that he directed the sheriff to make it in violation of law. Upon the supposition that a sale was directed, the reasonable inference would be that the sale should be conducted in conformity to the established rules of law.

The demurrer to the second paragraph of appellants' answer was correctly sustained.

Judgment affirmed.